**STATE of Missouri, Respondent,**

v.

**Charles Deason JOHNSON, Appellant.**

No. 34931.

Missouri Court of Appeals,
St. Louis District.

Jan. 15, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Neil MacFarlane, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Richard L. Poehling, Asst. Circuit Attys., St. Louis, for respondent.

Frederick R. Buckles, Neal P. Murphy, St. Louis, for appellant.

CLEMENS, Judge.

Defendant was convicted of first-degree robbery (Count I) and operating a motor vehicle without the owner's consent (Count II). A jury found defendant guilty on both counts and assessed punishment at five years on the robbery count and one year on the motor-vehicle count. Defendant appeals, the only issue validly raised being whether the trial court properly permitted the state to try both counts at one trial.

About seven o'clock on the night of December 20, 1971, Mary Spears left her parked car bearing license AIF–119 on Kingshighway in St. Louis; when she returned the car was missing. She reported this to the police and went to the Seventh District Police Station where the car was soon brought in and identified.

Shortly after eight o'clock that night James and Mary Halley were walking from their garage to their home when a car stopped on the opposite side of the street. The driver—later identified as the defendant—ran up to them, flourished a revolver and demanded their money. He took Mr. Halley's wallet, removed the money, threw the wallet on the sidewalk, got back in the car and drove away. The car bore a license plate with "AIF" as the first three digits. The Halleys immediately reported the robbery to the police and from a description of the Spears' car broadcast on the police radio a policeman recognized the car and chased it. He arrested three men in the car, one of whom was the defendant. Later at the police station the Halleys viewed a lineup and identified defendant as the driver of the car

and the man who had robbed them. Later they identified defendant in court and also identified photos of the Spears' car.

After Mary Spears had testified concerning the disappearance of her car, the defense objected to any evidence of the robbery. Formerly, when a defendant was charged with two felonies, the state had to elect on which charge it would go to trial. State v. Frankum, 425 S.W.2d 183 [15] (Mo.1968). That has been modified by Rule 24.04, V.A.M.R., effective July 1, 1971, allowing joinder in certain cases.

The issue now before us is whether the two offenses were properly joined for trial. Rule 24.04, with our emphasis added, declares: "*All offenses which are based on* the same act or on *two or more acts which are part of the same transaction* or on two or more acts or transactions which constitute · parts of a common scheme or plan *may be charged in the same indictment or information* in separate counts, or in the same count when authorized by statute. Any indictment or information may contain counts for the different degrees of the same offense or for any one of such degrees."

Although not identical in language, Rule 8(a) of the Federal Rules of Criminal Procedure is so similar to Rule 24.04 that judicial interpretations thereof are persuasive. The Federal Rule, with our emphasis added, states: "(a) Joinder of Offenses. *Two or more offenses may be charged in the same indictment* or information in a separate count for each offense *if the offenses* charged, whether felonies or misdemeanors or both, are of the same or similar character or *are based on the same act or transaction* or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

■ Under this federal rule broad joinder is encouraged in the interests of more efficient administration of criminal justice but the trial court has a continuing duty during trial to counter prejudice and order severance if necessary. United States v. Wilson, 140 U.S.App.D.C. 220, 434 F.2d 494 (1970). However, when the testimony and evidence of two offenses are separated by court and counsel (as was done here) and the jury can distinguish between two offenses, no prejudice results. Hill v. United States, 135 U.S.App.D.C. 233, 418 F.2d 449 (1968).

■ In United States v. Leonard, 144 U.S.App.D.C. 164, 445 F.2d 234 (1971), the defendant was charged with the burglarious theft of a credit card and in a separate count with using the credit card to perpetrate a forgery. The court held joinder was proper. In our case the offenses charged are not of the same or similar character. To be joined they must either be acts which are part of the same transaction or two acts which constitute parts of a common scheme or plan. The car was parked by its owner at about seven o'clock and the robbery in which the car was used occurred about an hour later. Thus, only a short time elapsed between the time the car was taken and the time it was used in the robbery. As in Leonard, *supra,* an object—Mrs. Spears' car—was feloniously taken and *was being feloniously used* immediately before and after defendant robbed Mr. Halley. These offenses are so closely intertwined in time and purpose that they were part of the same transaction and were properly joined.

Judgment affirmed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.