STATE of Missouri, Respondent,

v.

Lorenzo CALLIES, Appellant.

No. 40216.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 17, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Robert C. Babione, Public Defender, Mary-Louise Moran, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Steven Scott Clark, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., John P. Dockery, Jr., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of escaping custody before conviction and robbery in the first degree. Punishment was assessed at six months and five years respectively.

On May 16, 1977, defendant Lorenzo Callies was a prisoner at the Medium Security Institution in the City of St. Louis. On the morning of May 16, 1977, between 9:30 and 10:00, defendant and several other prisoners made an unauthorized departure from the confines of that institution. Carl Gilmore, correctional manager of the institution, and Officer Henry Wins, supervisor of record processing there, having been alerted to the escape, borrowed another employee's car in order to pursue two of the escapees who were facilitating their flight by vehicular means. Gilmore and Wins followed the car allegedly commandeered by the two escapees, lost sight of it, and then located it again as they approached a housing project near 1418 N. 8th Street in St. Louis. As the two pursuers drove toward the escapees' automobile, they saw two men jump from the car and run between the buildings of the project. At this point, Gilmore entered the security office of the project to call police while Wins waited outside.

At approximately 10:00 a. m. on the morning of May 16, 1977, Leroy Lanier, his wife and a friend were sitting in Lanier's car, which was parked near 1400 N. 9th Street. At this time, two men came up to the car and, after Lanier had declined their request to take them away, one of the men ordered Lanier and the others out of the car. The man who made this demand held his hands under his shirt as if he held a gun. Lanier and the others got out of the car, and the men drove away. Both prior to and at the trial, Lanier identified defendant as the man who had ordered him from the automobile and had driven it away.

In a two-count information, the state charged defendant in Count I with escape before conviction from the medium security institution and in Count II with first degree robbery in the theft of Lanier's automobile. Prior to trial, defendant filed a motion to sever offenses, claiming that the escape had been completed before the car was taken from Mr. Lanier and that consequently these were two separate offenses for which there should have been separate trials. The trial court denied the motion and both offenses were tried together.

As his sole point on appeal, defendant argues that the trial court erred in denying his motion to sever offenses. Defendant contends that the escape and robbery were separate offenses connected only by temporal proximity and were not part of a common plan or scheme. Defendant argues that the court's failure to sever prejudiced defendant because proof of one offense may have tended to prove the other in the minds of the jurors. We find no error.

In Missouri, joinder of certain offenses is permitted by rule of court, specifically Supreme Court Rule 24.04. *State v. Baker,* 524 S.W.2d 122, 126 (Mo.1975). On the date of the filing of the information and the trial,[1] Rule 24.04 reads as follows: *"All*

---

1. Rule 24.04 has since been amended, effective January 1, 1979. However, the applicable provision was not altered in substance.

*offenses which are based on* the same act or on *two or more acts which are part of the same transaction* or on two or more acts or transactions which constitute parts of a common scheme or plan *may be charged in the same indictment or information* in separate counts, or in the same count when authorized by statute. Any indictment or information may contain counts for the different degrees of the same offense or for any one of such degrees." (Emphasis added) Defendant emphasizes that the escape and robbery herein were not constituents of a common scheme or plan.

While there may have been no common plan comprising the escape and the robbery, we believe that these acts were part of the same transaction. The theft of the automobile by defendant was clearly in furtherance of his escape from the medium security institution. Thus, this case is controlled by our case of *State v. Johnson*, 505 S.W.2d 11, 12 (Mo.App.1974), wherein we held that offenses were properly joined when they were "so closely [related] in time and purpose that they were part of the same transaction . . . ." See also *State v. Milentz*, 547 S.W.2d 164 (Mo.App.1977).

Defendant relies heavily on *State v. Prier*, 561 S.W.2d 437 (Mo.App.1978) to support his position that the offenses here should have been severed. *Prier*, however, involved the sale of controlled substances on three different dates and the offenses there were clearly not part of the same transaction. We are also aware of the recent case of *State v. Buford*, 582 S.W.2d 298 (1979) wherein the Western District distinguished *Johnson* and determined that it did not control in *Buford*. Nevertheless, we see no reason to deviate from the rule established in *Johnson*, and find that it is dispositive of this case. The joinder was proper in this case.

Where joinder is proper, the court may sever the offenses in its discretion. We find no abuse of discretion here.

Affirmed.

GUNN and CRIST, JJ., concur.