**STATE of Missouri, Respondent,**

v.

**McKinley ROBINSON, Appellant.**

**No. 40121.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1979.

Motion for Rehearing or Transfer
Denied Nov. 20, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Stephen J. Murphy, Affton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Marjorie Wholey Haines, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was charged with one count of first degree murder and one count of assault with intent to kill with malice. The counts were tried together after defendant's motion to sever was denied.

The jury convicted defendant *only* of assault with intent to kill with malice. The jury was unable to reach a verdict as to the murder charge. The court sentenced defendant to seventy-five years on the assault conviction. Defendant appeals. We affirm.

Defendant complains of improper joinder of the two counts under Rule 24.04. We reiterate the fact that he was only convicted on one count—assault. We agree with the court below that the two crimes charged were so closely related in time and purpose that they were part of the same transaction.

Defendant was charged with murdering Harry Shelton, Jr., on December 31, 1976, in St. Louis, Missouri. Allegedly, in his flight from this crime, defendant took Shelton's car and drove it to another part of the city. The defendant then shot Police Officer Richard Nagel from Shelton's car when Nagel attempted to apprehend defendant for making an improper turn. After shooting at Officer Nagel, defendant continued on in the same car. The police gave chase and finally apprehended defendant in East St. Louis, Illinois.

The net effect is that defendant was charged with murder and with assault while in flight from the crime of murder. The offenses were based on a series of acts which were part of the same transaction under Rule 24.04. Defendant began a criminal activity and continued in that activity until he was apprehended. Broad joinder is to be encouraged where prejudice to the defendant will not result. In our case, the jury distinguished between the offenses as shown by its inability to agree on the charge of murder and thus prejudice seems unlikely. The trial court properly exercised its discretion in denying severance. *State v. Johnson*, 505 S.W.2d 11, 12 (Mo.App. 1974); *State v. Callies*, 588 S.W.2d 18 (Mo. App.1979); also, see *State v. Pittman*, 569 S.W.2d 277, 279 (Mo.App.1978).

Defendant next complains that the trial court erred in admitting the identification testimony of Officer Nagel because Nagel was first shown photographs with defendant's name on them when such name had been publicly reported as a suspect. We cannot agree.

Police investigators took a group of black and white photographs to Nagel the day after he was shot by the defendant. The name, weight, and height of the individuals were on the front of some of the pictures, including the defendant's.

■ When the pictures were shown to Nagel, he looked at them, pulled out defendant's picture, and said: "This is an unusual person, this is him. I'd know him anywhere." Nagel said he did not then know the name of the defendant. He had read an article in the newspaper about the incident. The article did not have a picture of defendant. He did not remember seeing the writing on defendant's picture. We agree with the finding of the trial court that there is no evidence that anyone suggested which picture Nagel should choose. Even if we were to assume such suggestion had been made, there was an independent basis for in-court identification. *State v. Carter*, 572 S.W.2d 430, 435 (Mo.banc 1978); *State v. Johnigan*, 494 S.W.2d 23, 24 (Mo. 1973).

Appellant argues that Instruction No. 41, MAI–CR 4.50, was given by the trial court to the jury at an improper time, and that this had the effect of coercing the jury into reaching a guilty verdict. We disagree.

■ The jury retired to deliberate at 3:00 p. m. At 7:25 p. m., a conference occurred in chambers at which time the court told counsel that the jury had sent a message with the following question:

"If the decision is not unanimous at this point, what will happen with the jury and defendant? How long are we permitted to deliberate?"

The court then gave the following instruction:

"If the decision is not unanimous at this point, as to a particular Count, you should fix his punishment as to that Count. If, however, after due deliberation, you find the defendant guilty as to a particular Count but are unable to agree upon his punishment as to that Count, you will complete the verdict form so stating, and in that event the court will fix the punishment.

If you unanimously find the defendant guilty or not guilty as to one Count submitted against him, but, after due deliberation, are unable to agree upon whether he is guilty or not guilty as to the other Count submitted against him, you will complete the applicable form to which you unanimously agree and return it to this court, along with all unused forms and the written instructions of the court.

You must bear in mind that under the law it is the primary duty and responsibility of the jury to determine whether the defendant is guilty or not guilty as to each Count submitted against the defendant, and if he is guilty as to any Count submitted against him, to fix the punishment as to that Count."

In addition to the instruction, the court also gave the following message to the jury:

"You now have three verdict forms on each Count. You should complete only

one of the verdict forms as to any one Count. Food has been ordered for you and should arrive soon."

We find no abuse of discretion on the part of the trial court. The question of the jury addressed to the court implied that a decision had not been reached. After the instruction was given, the jury deliberated again for more than an hour and half before rendering a verdict. *State v. Brown*, 443 S.W.2d 805, 809–811 (Mo.banc 1969); *State v. Jones*, 545 S.W.2d 659, 666 (Mo. App.1976).

■ Defendant next complains about the imposition of his seventy-five year sentence. He contends a sentence of seventy-five years is in excess of a life sentence since it exceeds his life expectancy and denies his right to parole consideration. Defendant candidly admits the law is contrary to his position, citing *State v. Kennedy*, 513 S.W.2d 697, 700 (Mo.App.1974). We rule this point against defendant.

Finally, defendant challenges the sufficiency of the evidence in that defendant was not identified as the perpetrator by competent evidence. This point is based primarily upon the alleged inadequacy of identification by Officer Nagel. We have already ruled the suppression of identification testimony against defendant, and must do so again.

With reference to the assault, there is little question about the sufficiency of the evidence. Officer Nagel testified as to the events preceding the assault and his observation of defendant as the person who shot him.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.