STATE of Missouri, Respondent,

v.

Louis ROSS, Appellant.

No. 41754.

Missouri Court of Appeals,
Eastern District,
Division Two.

December 16, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied
March 9, 1981.

Robert C. Babione, Public Defender, Sara T. Harmon, Asst. Public Defender, St. Louis, for appellant.

George A. Peach, Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Judge.

Defendant, Louis Tyler Ross, appeals a jury conviction of robbery first degree and two counts of assault with intent to kill with malice aforethought. The trial court sentenced defendant to twelve years imprisonment for robbery and fifteen and eighteen years imprisonment for the assaults pursuant to § 556.280 RSMo 1978. Sentences to run concurrently.

About 7:45 on the night of November 19, 1978, in the City of St. Louis, Artemus Haley, Sr., was driving south on Jefferson Avenue when he noticed defendant hitchhiking. Haley stopped and offered defendant a ride as far as Chouteau Avenue. Defendant accepted. Upon reaching Chouteau, defendant put a metal object to Haley's throat and threatened him: "Don't turn around, just do as I said to do and no harm will come to you." Haley, following orders, drove several blocks and stopped. Still holding the metal object to Haley's throat, defendant demanded Haley's money and keys. With the object at the side of his neck, Haley complied, surrendering his wallet, his keys and the $1.24 change in his pocket. Defendant then ordered Haley out of the car. Left standing in the street, Haley flagged down a passing motorist who helped him to contact the police. Approximately forty-five minutes after the robbery, two uniformed officers in marked St. Louis Police Department radio cars matched the car driven by defendant to the description given police by Haley. A high speed chase ensued. Finally, defendant stopped in a vacant lot at the corner of 18th Street and Monroe Avenue. The policemen parked their cars on the lot and approached defendant on foot. With guns drawn they demanded that defendant put his hands in view and exit Haley's car. Suddenly, defendant accelerated the automobile and tried to drive over the two officers. During two successive passes the officers responded by retreat and gunfire. Fortunately, neither was injured. After his second run at the policemen, defendant attempted to drive away. His flight came to an end upon striking a utility pole in an alley just outside the lot. Later the officers summoned Artemus Haley to the scene. Haley identified defendant as the man who robbed him. In the interim between the robbery and chase, a tape player and spare tire had been removed from Haley's auto. Subsequent to arrest, police found Haley's wallet containing his personal papers and change in defendant's possession.

At trial, defendant presented no evidence relevant to the charges of robbery and assault.

Defendant's first contention is that the robbery and assault counts should have been tried separately. We cannot agree.

"All offenses which are based on two or more acts which are part of the same transaction ... may be charged in the same indictment or information ...." Rule 24.04 (now Rule 23.05). To be part of

the same transaction offenses must be clearly intertwined in time and purpose. *State v. Callies*, 588 S.W.2d 18, 20 (Mo.App. 1979); *State v. Johnson*, 505 S.W.2d 11, 12 (Mo.App.1974). If within approximately one hour, an automobile is both feloniously taken and used to perpetrate a second crime, then the two crimes are part of the same transaction. *State v. Johnson*, 505 S.W.2d at 12. In *Johnson* the defendant operated a motor vehicle without the owner's consent. About one hour after the owner noticed her car missing, defendant used it to reach and depart from the scene of a robbery. This court held that the felonious taking of the automobile and the subsequent robbery were part of the same transaction and properly joined for trial. *State v. Johnson*, 505 S.W.2d at 12. The present case is not materially different. While a passenger, defendant commandeered the victim's car by threatening him with immediate bodily harm. Within one hour he attempted to run down two policemen pursuing him for the robbery. Defendant then tried to drive away from the assault scene. We hold that the defendant's crimes of robbery and assault with intent to kill with malice are part of the same transaction and were properly joined for trial pursuant to Rule 24.04.

Defendant relies heavily on *State v. Prier*, 561 S.W.2d 437, 440–441 (Mo.App.1978) and on *State v. Buford*, 582 S.W.2d 298, 302–304 (Mo.App.1979) to support severance of his offenses for trial. "*Prier*, however, involved the sale of controlled substances on three different dates and the offenses there were clearly not part of the same transaction." *State v. Callies*, 588 S.W.2d at 20. In *Callies*, this court said "We are also aware of the recent case of *State v. Buford* [cite omitted] wherein the Western District distinguished *Johnson* and determined that it did not control in *Buford*. Nevertheless, we see no reason to deviate from the rule established in *Johnson*, and find that it is dispositive of this case." *State v. Callies*, 588 S.W.2d at 20.

Defendant's second contention is that the trial court erred by refusing his request for MAI–CR 7.70, "Stealing Without Consent of Owner." Defendant argues that where, as in this case, the evidence is sufficient to submit a robbery instruction then the court should automatically give an instruction on stealing. Defendant's logic is as follows: Stealing is a lesser included offense of robbery first degree. The sole distinguishing element of the two crimes being the threat or use of force or violence. Further, the trier of fact is entitled to disbelieve evidence regarding the use or threat of force or violence. Thus, when the evidence is sufficient to submit an instruction of robbery, it is axiomatic that an instruction on stealing should be given. We cannot agree. Numerous cases have held that where the state's evidence supports robbery, and the defendant offers no contradictory evidence, the trial court commits no error in refusing an instruction on stealing. *State v. Reynolds*, 345 Mo. 79, 131 S.W.2d 552, 557 (Mo.1939); *State v. Roberts*, 593 S.W.2d 626, 628 (Mo.App.1980); *State v. Ax*, 546 S.W.2d 549, 550 (Mo.App. 1977). Overturning this rule would not serve justice.

Defendant also argues that because the trial court refused to instruct on stealing the court impermissibly shifted the burden to defendant to negate the element of threat or use of force or violence. We do not agree. An examination of the record reveals the court gave MAI–CR 2.20. This instruction clearly placed the burden upon the state to prove beyond a reasonable doubt that defendant was guilty of robbery. Further, the court gave MAI–CR 3.06 and 7.60. Both specifically required that the state prove beyond a reasonable doubt that defendant, inter alia, took the property from the victim against the latter's will by causing him to fear immediate injury to his person. If the jury had a reasonable doubt as to this element of robbery it was instructed to acquit the defendant of that charge. Thus, the burden to prove each and every element of robbery remained on the state.

Judgment affirmed.

WEIER and GUNN, JJ., concur.