STATE of Missouri,
Plaintiff-Respondent,

v.

Gregory WILLIAMS,
Defendant-Appellant.

No. 44542.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

**820**

Joseph W. Downey, Public Defender, Mary K. Wefelmeyer, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

CRIST, Judge.

Defendant was charged with the class A felony of forcible rape in Count I. In connection with the rape, defendant was charged with displaying a deadly weapon or dangerous instrument in a threatening manner. In Count II, defendant was charged with the class D felony of exhibiting a deadly weapon, a knife, in a threatening manner, § 571.115, RSMo.1978 (Repealed).

It was further alleged that defendant was a dangerous offender in that during the commission of the felonies, defendant knowingly threatened to inflict serious injury on the alleged rape victim, and defendant had been previously convicted of a dangerous felony.

The jury found defendant guilty only of exhibiting a dangerous weapon in a threatening manner. The jury recommended one year's imprisonment. The court found defendant to be a dangerous offender and sentenced him to ten years imprisonment. We affirm.

Defendant challenges the trial court's failure to sever the charges of rape and exhibiting a deadly weapon. Defendant was acquitted of the rape which the alleged rape victim said took place in the downstairs restroom of a restaurant, when defendant allegedly put a knife to her neck and said he would kill her unless she cooperated.

■ The alleged rape victim then came upstairs and told her cousin she had been raped by defendant. Cousin grabbed defendant, wrestled and held him until the police arrived. In the scuffle, cousin was cut on his hand, and the police saw defendant with a knife in his hand when they arrived. The two offenses were part of the same transaction. Rule 23.05. *State v. Ross,* 611 S.W.2d 296, 298 (Mo.App.1980).

■ Defendant asserts error in the court's refusal to give a self-defense instruction. While cousin was larger than defendant, there was no evidence that it was necessary for defendant to threaten cousin with a knife when cousin was unarmed. *State v. Henson,* 552 S.W.2d 378, 379 (Mo.App.1977).

Defendant contends the court erred in finding defendant a dangerous offender. The jury acquitted defendant of the rape; it found him guilty of exhibiting a knife in a threatening manner.

■ Section 558.016, RSMo.1978 in part, states a dangerous offender is one being sentenced for a felony during commission of which he knowingly threatened to inflict serious physical injury on another. Defendant was charged with knowingly threatening to inflict serious physical injury on the alleged rape victim. He had been previously convicted of burglary first degree and assault with intent to ravish on the same date. The trial court made the finding that defendant knowingly inflicted or attempted to inflict serious injury on another person in the exhibition of the weapon.

■ Defendant complained of the variance in the charge of knowingly threatening to inflict serious physical injury on the alleged rape victim in the commission of the exhibition of a weapons charge and of threatening serious physical injury on the cousin instead of the alleged rape victim. While the charge must allege facts sufficient to inform defendant of the grounds for the extended term, *State v. Newland,* 592 S.W.2d 495, 499–500 (Mo.App.1979), any variance was neither material nor prejudicial to defendant. *State v. Jarrett,* 481 S.W.2d 504, 509 (Mo.1972). The evidence showed defendant held a knife against the alleged rape victim's neck and threatened to kill her unless she cooperated and that defendant used the knife on cousin. Defendant takes no exception to the verdict director instruction on exhibition of a knife.

Any variance can only go to the issue of punishment and not to the merits of the case.

Further, defendant claims that because the weapon charge, § 571.115, RSMo.1978 (Repealed) is a general intent crime, the trial court could not have found that defendant knowingly threatened to inflict serious physical injury on cousin. However, the trial court is only required to make findings consistent with § 588.016.3. It did so in the case at bar. The trial court's finding is based on substantial evidence and is consistent with the jury verdict.

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.