STATE of Missouri, Respondent,

v.

Tony Lemar HARRIS, Appellant.

No. 49748.

Missouri Court of Appeals,
Eastern District,
Division Seven.

March 25, 1986.

Motion for Rehearing and/or Transfer
Denied April 22, 1986.

Application to Transfer Denied
June 17, 1986.

David Earl Woods, Poplar Bluff, for appellant.

John Munson Morris, Christine M. Szaj, Asst. Attys. Gen., Jefferson City, for respondent.

Before KAROHL, P.J., CRANDALL, J., and LOWENSTEIN, Special Judge.

HAROLD L. LOWENSTEIN, Special Judge.

The appellant Harris was charged and tried by the court on a four count information for felony burglary and stealing of two window unit air-conditioners from a dormitory of Southeast Missouri State University in Cape Girardeau. The judge found Harris guilty on the burglary and stealing counts stemming from one of the thefts and not guilty on the other two counts. Harris was sentenced to consecutive five year terms on each Class C felony.

The findings of the trial court are accorded the deference of a jury verdict and will be sustained if supported by substantial evidence. The facts on review are based on evidence and reasonable inferences from the evidence most favorable to the state. *State v. Isom*, 660 S.W.2d 739, 740 (Mo. App.1983).

On August 2, 1984, the custodian for University Hall was cleaning rooms. In Room 30 was a Sears brand air conditioner that he operated while cleaning. In Room 17 was an Emerson brand air conditioner. When the custodian returned at 7:30 a.m. the next morning, both units were missing. On the evening of August 2, 1984, Harris went to the apartment of a lady friend, Marilyn Parrow, and told her she needed an air conditioner. According to Parrow, he returned the next morning with what was identified as the Sears unit taken from Room 30. With a University identification sticker still attached to the unit, Harris installed the air conditioner in Parrow's apartment.

On August 4, 1984, a Cape Girardeau policeman was investigating an unrelated burglary in the neighborhood where Terry Hunt, another lady friend of Harris', lived. The officer attempted to talk to Harris who was walking along the street. Harris ran when he saw the policeman. The police went to Hunt's apartment on the other suspected burglary and discovered the Emerson unit taken from Room 17. The court found the appellant not guilty on the two counts involving the Emerson unit. This appeal relates to the convictions of burglary and stealing involving the Sears unit found in the Parrow apartment.

■ Harris' first point on appeal contends the court, pursuant to Rule 24.07, should have severed and tried separately the counts involving the Sears unit from those involving the Emerson unit. There are several problems with this contention. First, severance is a matter of trial court discretion, and broad joinder is encouraged in the interest of more efficient administration of criminal justice. *State v. Decker*, 591 S.W.2d 7, 9 (Mo.App.1979). Second, an abuse of discretion "would be indicated if denial of severance results in clear prejudice to the defendant's right to a fair determination of his guilt or innocence as to each offense." *State v. Allbritton*, 660 S.W.2d 322, 327 (Mo.App.1983). Third, in assessing the prejudice derived from joinder of offenses, the court is to consider the

number of offenses charged, the complexity of the evidence, and the ability of the jury to distinguish the evidence and apply the law to each offense. *State v. Couvion,* 655 S.W.2d 80, 82 (Mo.App.1983). Here the judge was the trier of fact. There was no jury to be confused by the evidence or possibly to presume guilt of all the charges. This court has previously stated that "rules of exclusion of evidence are less strictly enforced in a court tried case than in a jury tried case on the assumption that the trial court will not be misled by irrelevant or incompetent evidence." *Isom, supra,* at 741. Apart from the fact the court found Harris not guilty of the other two counts, there is no indication in the record that the trial judge relied on the "Emerson" charges in rendering the judgment on the "Sears" charges. *See State v. Travis,* 625 S.W.2d 630, 631 (Mo.App.1981).

■ Harris also complains of improper statements made by the prosecutor in opening and closing argument. The rationale of *Isom* and *Travis, supra,* prevail, even if the arguments complained of were improper. *See State v. Leigh,* 580 S.W.2d 536, 545 (Mo.App.1979).[1] In a separate point, Harris alleges prejudice from the prosecutor's closing argument relating to Harris' running from law enforcement personnel. Harris overlooks this was a bench tried case, and the point is denied.

■ In another point relating to closing argument, the state candidly admits the trial court improperly overruled the defense's objection to statements by the prosecutor about criminal charges pending against one of Harris' alibi witnesses and "intimately connected with" Harris. On cross examination of the alibi witness by the state, the Court ruled the state could not go into facts relating to charges pending against the witness. However, in closing argument, the prosecutor made the following statement:

"If there was any doubt that Tony Harris had stole [sic] that air conditioner and burglarized that building, it should have instantly evaporated when he put on his best evidence. Those two individuals. Will Woods has every reason to lie. He has charges against him. Charges intimately connected with Tony Harris."

The following language from *State v. Leigh, supra,* is pertinent to consideration of this point:

In a jury-waived case a certain amount of latitude in the admission of evidence is allowed, and even where error is made in the admission of some evidence, except where the trial court relied on that evidence in arriving at its findings of fact and conclusions of law, such error is ordinarily held to be non-prejudicial. This is so because the rules of exclusion in the law of evidence as applied in a court of law are largely as a result of the jury system and serve the purpose of keeping from the jury all irrelevant and collateral matters which might tend to confuse them or mislead them from a consideration of the real question in issue; when an action is to the court sitting without a jury, the rules of exclusion are less strictly enforced.... It is assumed that the trial court will not be confused or misled by what is irrelevant and incompetent.

580 S.W.2d at 545 (citation omitted).

Again, relying on *Isom, Travis,* and *Leigh, supra,* the point is denied. Even though the ruling was not proper, there is no reason to believe the judge was swayed by this argument. No error, plain or otherwise, resulted from the argument and ruling.

As a final point, Harris contends the senior identification officer of the Cape Girardeau Police Department's Scientific Identification Unit, who had over four years experience, was not properly qualified to identify the Sears unit in the Parrow apart-

---

**1.** In a subsequent Rule 27.26 action, this court reversed and remanded for failure to conduct an evidentiary hearing. *See Leigh v. State,* 639 S.W.2d 406 (Mo.App.1982). However, in *Leigh v. State,* 673 S.W.2d 788 (Mo.App.1984), this court affirmed the trial court's denial of postconviction relief after a full evidentiary hearing.

ment as the one stolen from the University. This point is denied out of hand.

The judgment is affirmed.

KAROHL, P.J., and CRANDALL, J., concur.

