**STATE of Missouri, Respondent,**

v.

**Mark Lavon LUKE, Appellant.**

No. 51874.

Missouri Court of Appeals, Eastern District, Division One.

April 7, 1987.

Motion for Rehearing and/or Transfer Denied May 12, 1987.

Application to Transfer Denied June 16, 1987.

Rozann Moss, Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of burglary in the first degree, § 569.160, RSMo 1986, and stealing without consent, § 570.030, RSMo 1986. He was sentenced as a persistent offender, § 558.016.3, RSMo 1986, to concurrent terms of twenty and fifteen years, respectively. We affirm.

Defendant put on no evidence and does not directly challenge the sufficiency of the evidence. We provide only those facts necessary for the disposition of the issue on appeal. At approximately 11:30 p.m. on October 17, 1985, defendant stole a pink

backpack containing various items of personal property including a purse holding a wallet and credit cards. The backpack was taken from the car of victim No. 1 while it was parked and locked in the 3200 block of Nebraska Avenue in St. Louis City. Victim No. 1 became aware her backpack was missing when she arrived at her residence in the 3400 block of Oregon, three or four blocks from the scene of the theft. She contacted the police and an officer arrived at her residence some time after 12 a.m. The officer and victim No. 1 had gone outside to look at her car when they observed defendant, with a pink backpack on his back, rummaging through a purse. The officer, who recognized defendant, began to approach him. Defendant dropped victim No. 1's purse and ran. The officer chased defendant but lost sight of him in the 3400 block of Iowa. During the chase defendant dropped the backpack. The police officer later retrieved it. The backpack was identified as the one taken from victim No. 1's car.

At 1:30 a.m., approximately one hour and forty-five minutes after victim No. 1's backpack was stolen from her car, defendant was found by the police in the residence of victim No. 2, the back door of the house broken in. Victim No. 2, also a woman, lived in the 3400 block of Iowa, a short distance from both the residence of victim No. 1, and the place where the backpack was stolen.

Defendant alleges error in the trial court's denial of his oral motion to sever, made at the beginning of the trial and without prior notice to the State. *See* § 545.885.2, RSMo 1986, ("upon a written motion ... the court may grant a severance of offenses"). Defendant must be denied relief because of the amendments in 1984 of §§ 545.140 and 545.885, RSMo, as interpreted by *State v. Harris*, 705 S.W.2d 544, 547 [1] (Mo.App.1986). These statutory changes provide for more liberal joinder of criminal charges and give the trial courts more discretion in the denial of a motion for severance.

Section 545.140.2, RSMo 1986, allows two offenses to be charged together "if the offenses charged ... are of the same or similar character or are based on ... two ... acts or transactions connected together." And, if two offenses are jointly charged, the court, under § 545.885.1, RSMo 1986, "shall order both ... offenses to be tried together."

The charges of burglary and stealing are similar in that the burglary charge required the jury to find defendant entered victim No. 2's residence "for the purpose of committing the crime of stealing therein." The criminal charges are similar, and the incidents are related: both victims were women, the police were in pursuit of defendant at the time of the second crime, the crimes were committed within a six square block area, and the crimes were committed one right after the other in less than a two hour period of time.

The burglary and stealing charges were of the same or similar character. The charges were properly joined and defendant did not make a particularized showing of substantial prejudice so as to require a severance under § 545.885.2, RSMo 1986.

Judgment affirmed.

KELLY, J., concurs.

SATZ, P.J., concurs in result.