**STATE of Missouri, Respondent,**

**v.**

**Mitchell Jay SHUBERT, Appellant.**

**No. WD 39278.**

Missouri Court of Appeals,
Western District.

Jan. 5, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1988.

Application to Transfer Denied
April 19, 1988.

Kathleen Murphy Markie, Columbia, for appellant.

William L. Webster, Atty. Gen., Jared R. Cone, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and CLARK and COVINGTON, JJ.

CLARK, Judge.

Mitchell Jay Shubert was convicted by a jury of the offenses of second degree burglary, stealing and auto theft and he was sentenced to consecutive terms totaling twenty-three years. On this appeal, he seeks reversal of the convictions contending (1) the trial court erred in failing to instruct the jury on the special negative defense of claim of right, (2) joinder of the burglary and auto theft counts should not have been allowed, and (3) the trial court erred in denying a motion of defense counsel for leave to withdraw.

Although sufficiency of the evidence is not an issue raised on appeal, the facts of the case must be outlined to provide a framework for discussion of appellant's first two points. Viewed most favorably to the state, in conformity with the jury's verdict, the facts were as follow.

During a time in 1986 relevant to this case, appellant was living in Columbia with Debra Hatcher and had the permissive use of her automobile. On occasion, appellant would leave in Hatcher's car at mid-day and not return until the early hours of the next morning. He discouraged any attempts by Hatcher to accompany him and when he returned, he had objects in the car trunk which he kept concealed.

On August 31, 1986 in the general time period when appellant was using Hatcher's car for undisclosed purposes, parties named Cooper returned home from a vacation and found their residence had been burglarized. The following day, the Cooper's neighbors, the McNeils, also came home and discovered their house had been entered. Various items of personal property were missing from each residence.

On September 3, 1986, appellant moved his personal belongings from the Hatcher residence. He used Hatcher's car for this purpose and also had her permission to use the car to attend a court hearing that morning. Instead of appearing as he had been required by the court, appellant left Columbia in Hatcher's car intending to go to New York. From time to time during the next two weeks, appellant called Hatcher collect but refused to say where he was. Hatcher requested the return of her car but appellant replied that he still needed it.

On September 17, 1986, Hatcher reported the car stolen and six days later, appellant was arrested in St. Louis. A search of the Hatcher car, which appellant was then driving, revealed articles stolen from the Cooper and McNeil residences and burglary tools. Appellant was charged with and convicted of four counts of burglary and stealing and one count of auto theft, the latter charge involving his taking of the Hatcher vehicle.

Appellant's first point asserts that the verdict directing instruction was in error for failing to include the defense of claim

of right as provided in MAI–CR 3d 324.02.1 Notes on Use and § 570.070, RSMo 1986. Appellant argues that the jury should have considered whether he held an honest belief that he had a right to possession of the automobile based on consent from Hatcher.

■ To warrant submission of the defense of claim of right, there must be sufficient evidence to enable the court to infer that the accused honestly held that belief. *State v. Quisenberry*, 639 S.W.2d 579, 584 (Mo. banc 1982). Mere assertion by the defendant that he entertained an honest belief in a legal right is not sufficient to satisfy the burden upon defendant under § 570.070, RSMo 1986, to inject the issue of claim of right. *State v. Quisenberry*, 639 S.W.2d at 585. Where there is no evidence in the case beyond the subjective conclusions of the defendant concerning his claim of right, that issue is not in the case. *State v. Seddens*, 624 S.W.2d 470, 474 (Mo. App.1981).

■ The only evidence in this case showed that appellant had permission to use Hatcher's car for the sole purpose of attending a court hearing in Columbia on September 3. Instead, appellant left the city with the vehicle, refused to tell Hatcher where he had gone with the car and also refused her requests to return the vehicle. Some three weeks later, he was still in possession of the car in St. Louis and the automobile was returned to Hatcher only by reason of appellant's arrest. Even appellant agreed in his testimony that Hatcher told him to return the car, but he "put it off." Although appellant did acquire possession of the car on September 3 with the owner's consent, he exceeded the authority given. There was no evidence from which a jury could have found that appellant had any basis to believe he had a right to the car subsequent to September 3. Consequently, the court did not err in refusing to instruct the jury on the defense of claim of right.

In his second point, appellant asserts that the trial court erred "in allowing the charges of burglary and stealing of [sic] the McNeil and Cooper homes to be joined with the charges of stealing Debra Hatcher's automobile." The contention is that the burglaries and the automobile theft were unrelated crimes which should not have been joined in a single information and should not have been tried to the same jury. Appellant claims he was prejudiced in that the jury was more favorably disposed to convict on the auto theft charge because of evidence submitted on the burglary charges where proof of appellant's complicity was stronger.

The initial problem in reviewing this claim of error is that appellant directs attention to no ruling by the trial court which "allowed" the five counts of the information to be tried conjunctively. There was no pre-trial objection made to the composition of the information, no motion to sever the counts was filed and the new trial motion did not mention the present claim of error. Even under the aegis of plain error, Rule 30.20, which appellant seeks to invoke, there is no basis for relief because, as the following discussion will demonstrate, there was no error.

We first consider the issue of improper joinder. Two or more offenses may be charged in the same indictment or information if the offenses are of the same or similar character or are based on the same act or constitute parts of a common scheme or plan. Section 545.140.2, RSMo 1986. The essential test in determining whether a common scheme or plan exists, in a case involving a single defendant acting alone, is the requirement that all the offenses charged must be products of a single or continuing motive. *State v. McCrary*, 621 S.W.2d 266, 271 (Mo. banc 1981). Liberal joinder of offenses is favored to achieve judicial economy. *State v. Smith*, 682 S.W. 2d 861, 863 (Mo.App.1984). Whether joinder of offenses is unduly prejudicial to a criminal defendant is a separate issue from the question of whether offenses have been properly joined under Rule 23.05. *State v. McCrary*, 621 S.W.2d at 271 n. 7. Joinder is either proper or improper under the law. *State v. Clark*, 729 S.W.2d 579, 581 (Mo. App.1987).

■ We agree with appellant that joinder of the burglary and auto theft offenses

in a single information was improper. There was no link showing the burglaries and the auto theft to have been components of a common scheme or the products of a single motive such that joinder was permissible. The acts of burglary had already been completed when appellant departed Columbia in Hatcher's vehicle. Similarly, the unauthorized use of the car from September 3 on was not in furtherance of the already completed burglaries, but for some other purpose. The evidence relevant to the burglaries was the discovery of the stolen goods in appellant's possession, not the fact that they were in a vehicle appellant was alleged to have stolen. Whether the automobile belonged to appellant or had been taken without the owner's permission was not relevant to proving appellant had committed the burglaries.

■ The improper joinder of offenses, if raised by appellant before trial, would have obligated the state to elect among the counts and to choose whether to try appellant for the burglaries or for auto theft. The state was not put to that election, however, because appellant did not raise the issue. In consequence, appellant waived the right to object, insofar as the information was defective. *State v. Phelps*, 478 S.W.2d 304, 307 (Mo.1972). We therefore address appellant's claim of plain error only in the context of his entitlement to severance of the counts at trial.[1]

The gist of appellant's complaint is that he was prejudiced in his defense of the auto theft charge by the introduction of evidence showing commission of the burglaries. He points out that evidence of the unrelated crimes would not have been admissible but for the improper joinder of offenses in the information and contends the tainted evidence affected the jury in its fact finding process. That result would not have occurred if the cases had been severed for trial. Conversely, of course, if the offenses had not been improperly

joined in the information, there would have been no counts to be severed.

The cases indicate some uncertainty in dealing with claims of error based on denial of a motion to sever multiple counts of an indictment or information. In *State v. McCrary*, 621 S.W.2d at 272, it is said that the court is willing to consider a claim of trial court error in denying a request for separate trial where the offenses were properly joined in one information. This statement is taken in *State v. Smith*, 682 S.W.2d at 863, to mean that severance presupposes a proper joinder. In *Smith*, the joinder was found to be improper, but the court found it necessary to consider the prejudicial effect upon the accused of a denial of the motion to sever before reversing the conviction. *Id.* at 864. Thus, the result in the case was not based on improper joinder in the information but upon the prejudicial effect caused by introduction of evidence relevant to the unrelated crimes which the multiple count information charged.

We would hold, in contrast to the opinion in *Smith*, that because improper joinder is a matter of law, severance is mandated where counts were improperly joined. This follows because, by definition, improper joinder links unrelated crimes, evidence of which will be adduced at trial. The consequence is necessarily prejudicial to the accused. It need not be separately alleged or proved.

When faced with a prospective trial on improperly joined charges, an accused may challenge the sufficiency of the information or indictment by motion or, he may accept the content of the charge and move for separate trials. If the former, then the state is put to its election and could only proceed later on the unrelated charge by filing a new information or securing a new indictment. A severance, on the other

---

1. The reported cases generally discuss the issue of improper joinder of offenses and the related claims of error only as affecting the trial court's decision on a motion to sever. See for examples, *State v. Smith, supra; State v. Clark, supra; State v. Allen,* 641 S.W.2d 471 (Mo.App.1982).

It may well be that this limit on the field of inquiry naturally follows upon the condition that the nexus among commonly charged offenses is developed only by the evidence adduced at trial.

hand, preserves the information but requires successive trials.

■ The foregoing leads to the conclusion that appellant was entitled to require that the state proceed on the information, either as to the burglary counts or the auto theft count, but not on all counts. That right was waived by failure to object to the information, but the waiver did not preclude a granting of severance upon a timely motion being presented. Because the joinder was improper, a motion to sever should have been granted and a denial of severance would have been error. The question here is whether appellant is entitled to plain error relief, there having been no motion to sever presented to the trial court.

The plain error concept is applied to this case with some uncertainty in the matter of what burden appellant must assume to show manifest injustice or a miscarriage of justice as required by Rule 30.20. As was stated above, if there has been an improper joinder of offenses, prejudice to the accused is presumed by reason of the misjoinder. To receive plain error relief, however, appellant must demonstrate that degree of prejudice which justifies invoking the rule.

Whether plain error in terms of manifest injustice appears here is at least questionable. Appellant suggests that the jury may have acted to convict him on the auto theft charge under the concept, "once a thief, always a thief." The decisions caution that an appellate court should not speculate about the extent tainted evidence entered into the jury's decision making process. *State v. Smith,* 682 S.W.2d at 864 (*citing State v. Garrett,* 564 S.W.2d 347, 349 (Mo. App.1978)). We conclude, however, that it is unnecessary for disposition of this appeal to decide whether appellant suffered prejudice or, if so, whether the extreme circumstance of manifest injustice or miscarriage of justice appears. There simply was no error committed by the trial court.

It is a fundamental component of the plain error rule that relief is available only if error in the case be found. *State v. Garrett,* 518 S.W.2d 97, 99 (Mo.App.1974). In this case, appellant cannot claim error

with respect to action by the court on any motion or request directed to the severance of the burglary and auto theft counts because he filed no motion and therefore waived the error. *State v. Crane,* 559 S.W.2d 294, 296 (Mo.App.1977). Any contention appellant may make on this point is therefore reduced to a contention that the trial judge should have acted sua sponte to afford appellant separate trials. If the trial court had no such obligation in the absence of a motion by appellant, then there was no error in the case and no claim of plain error can be sustained.

■ The obligation of the trial court to try cases where multiple offenses are charged in a single information or indictment has been specifically described by the legislature. Section 545.885, RSMo 1986, provides that in such cases, all of the offenses shall be tried to one jury in a single trial. That directive governs unless the accused files a motion for severance. Where a motion to sever is filed, the court may grant severance if the accused makes a particularized showing of substantial prejudice defined as actual and real bias and discrimination. A court which undertook sua sponte to sever jointly charged offenses would be in direct violation of the statute.

Moreover, and without considering the mandate contained in the statute regarding jointly charged offenses, there is no support in the rules or the case law for appellant's claim of error. Rule 23.05, formerly Rule 24.04, relative to joinder of offenses does not relieve the defendant from raising a claim of improper joinder by motion directed to the trial court nor does it place any burden on the trial court to act on its own initiative. *State v. Serna,* 526 S.W.2d 66, 67 (Mo.App.1975).

■ In summary, where multiple counts in an information charge two or more offenses and no motion for severance is filed, the court has no alternative but must try all of the offenses to one jury in a single trial. There is no duty upon, or even an opportunity for, the trial court to sever jointly charged crimes where no request

for that action is made by the accused. It also follows that the court may not be charged with error for doing that which the statute requires. Because plain error must be based on some error and not on a claim of prejudice alone, appellant's claim of plain error in this case fails. There was no error in trying appellant for all the crimes charged in the information. The point is denied.

■ In a final point appellant claims error in the refusal by the trial court to grant appellant's request for replacement of trial counsel. The facts are these. On the day before appellant's trial was to commence, his appointed attorney filed a motion for leave to withdraw based on appellant's request that he do so. Appellant's dissatisfaction with his lawyer stemmed from representation provided by the same attorney in defending appellant against charges in an earlier case which resulted in conviction. In consequence of that experience, appellant took the position that he did not trust the attorney and refused to discuss the present case with him or cooperate in preparing a defense. At a hearing on the motion to withdraw, the court questioned appellant at length and concluded that appellant had no basis in fact for his dissatisfaction. The court therefore denied the motion to withdraw finding that any deficiencies in preparation of appellant's defense were attributable to appellant's own conduct.

Effective assistance of trial counsel is denied when an accused is forced to stand trial with counsel who is in irreconcilable conflict with the client. *State v. Smith*, 586 S.W.2d 399, 401 (Mo.App.1979). If there be a conflict between the accused and his attorney, it may not be grounded on subjective, unsubstantiated feelings but must be rational. To warrant substitution of counsel, the defendant must show justifiable dissatisfaction with appointed counsel. *State v. Gilmore*, 697 S.W.2d 172, 174 (Mo. banc 1985), *cert. denied*, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986). The ultimate determination of whether justifiable dissatisfaction exists in a particular case is within the sound discretion of the trial court. *State v. Bullock*, 655 S.W.2d 628, 631 (Mo.App.1983).

In this case, the trial judge permitted appellant to give an extended, narrative account of his previous experience with his appointed attorney and also examined appellant himself in an effort to determine the basis for appellant's dissatisfaction. The court found the dissatisfaction to be groundless and any failure of cooperation to have been attributable to appellant's own conduct. We have examined the record and find the ruling by the trial judge adequately supported. Appellant may not now complain that his manipulation of a right to counsel failed to obstruct the orderly administration of justice. *United States v. Hart*, 557 F.2d 162, 163 (8th Cir.), *cert. denied*, 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977).

The judgment is affirmed.

All concur.