**STATE of Missouri, Plaintiff/Appellant,**

v.

**Anthony EILAND,
Defendant/Respondent.**

No. 58360.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 1991.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff/appellant.

Dave Hemingway, St. Louis, for defendant/respondent.

GRIMM, Judge.

The State charged defendant with first degree robbery, two counts of armed criminal action, and assault, all alleged to have occurred on June 22, 1989. It also charged defendant with unlawful use of a weapon, alleged to have occurred on June 25, 1989. Defendant filed a pretrial motion alleging improper joinder under Rule 23.05. This motion was denied by the Honorable James L. Sanders.

Following assignment of the case to the Honorable Richard J. Mehan, defendant renewed his motion. Judge Mehan denied the motion, saying, "I think I'll stay with

Judge Sanders on that." The jury found defendant guilty of three charges, but not guilty of assault and one of the armed criminal action counts.

In his motion for new trial, defendant alleged trial court error in "overruling defendant's motion contesting joinder" of the unlawful use of a weapon count with the other four counts. Judge Mehan agreed and granted defendant a new trial. He also ordered the unlawful use of a weapon count severed for trial from the other counts.

The State appeals, alleging trial court error in "granting the defendant's motion for new trial on the grounds that the State had improperly joined the offense of unlawful use of a weapon (CCW) with other charges." It contends the defendant's concealment "was part of his continuing motive, scheme or plan to conceal his involvement in the robbery committed three days earlier and thereby avoid apprehension." We disagree with the State's contention, and therefore affirm.

## I. Background

Around 12:30 p.m. on June 22, 1989, defendant and two others robbed a parking lot attendant at 1010 Convention Plaza in downtown St. Louis. Defendant and another were armed with weapons. As the robbers drove away, victim got in his car and followed them. Shots were fired at the victim.

Due to a flat tire, the car in which defendant was riding stopped at the Murphy Blair Apartment Complex. The three occupants ran away.

The car used in the robbery was owned by the father of a Ms. Hubbard. Ms. Hubbard had loaned it to "Paul–Eddie." About an hour later, Paul–Eddie came back to where Ms. Hubbard was and told her the car had been stolen. Ms. Hubbard called the police to report the theft; however, she did not have a sufficient description to complete the report.

On June 25, three days after the robbery, Ms. Hubbard again called the police. Two officers responded and told her the car had been used in a robbery. That day, Ms. Hubbard told the police about Paul–Eddie. The police also learned the street names of the other two suspects, Mooney and Tony.

Around noon that day, Ms. Hubbard went with a police officer to assist in locating Mooney and Tony. While in the 2600 block of Cass, Ms. Hubbard told the officer the brown Maverick in front of them was Mooney's car. She told the officer the driver was Tony (the defendant); Mooney was in the right front seat; and Mooney's brother was in the rear seat.

The police officer stopped the car and requested the occupants to step out of the car. The officer told them they were stopped because "they were possible suspects in an on-going robbery investigation."

Another officer searched the car. This officer found a handgun in the front seat under a coat. In the back seat, he discovered a second gun under a jacket. Defendant told the first police officer that the gun in the rear seat was his.

## II. Improper Joinder

In its sole point, the State alleges the trial court "erred in granting the defendant's motion for new trial on the grounds that the State had improperly joined the offense of unlawful use of a weapon (CCW) with other charges stemming from an earlier robbery." It contends:

(1) the evidence demonstrated that [defendant's] concealment of weapons was part of his continuing motive, scheme or plan to conceal his involvement in the robbery committed three days earlier and thereby avoid apprehension 2) the circumstances surrounding [defendant's] arrest for CCW would be admissible in his robbery trial as relevant to the issue of identity, therefore, severance of the offenses would serve no useful purpose, and 3) considering the court instructed the jury to evaluate each charge separately and the jury did in fact acquit [defendant] of two of the offenses charged it is clear the jury was able to differentiate the evidence presented,

therefore [defendant] suffered no prejudice from joinder of the offenses.

We disagree.

 In his pretrial motion, defendant contended joinder of the CCW count was improper under Rule 23.05. Rule 23.05 states:

All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

Joinder is either proper or improper as a matter of law. *State v. Clark*, 729 S.W.2d 579, 581 (Mo.App.E.D.1987); *State v. Shubert*, 747 S.W.2d 165, 168 (Mo.App.W.D. 1988). As a result, the decision of the trial court is not entitled to deference.

On the other hand, a motion to sever under Rule 24.07 is addressed to the trial court's discretion. *State v. Jones*, 779 S.W.2d 668, 669 (Mo.App.E.D.1989). In such a situation, we review only for abuse of discretion. Here, we review whether joinder under Rule 23.05 was permissible, not whether the trial court abused its discretion in deciding a Rule 24.07 motion.

 The State first contends the "evidence demonstrated that [defendant's] concealment of weapons was part of his continuing motive, scheme or plan to conceal his involvement in the robbery committed three days earlier." In support, the State relies on *State v. McCrary*, 621 S.W.2d 266, 271 (Mo.banc 1981).

In *McCrary*, the defendant was charged with assault, "firebombing," and carrying a concealed weapon. The victims of the assault and the fire bombing were the woman with whom defendant previously lived and her new roommate. The carrying a concealed weapon charge arose when defendant was stopped by an officer a few doors away from the victims' house, with a ".22 rifle, live shells, and a homemade silencer" in his possession.

The *McCrary* court said, "[T]he essential test in determining whether a common scheme or plan exists, in a case involving a single defendant acting alone, is the requirement that all the offenses charged must be '*products* of a single or continuing motive.'" *Id.* (quoting *State v. Jackson*, 566 S.W.2d 227, 228 (Mo.App.1978)). The *McCrary* court found the defendant's actions "were the product of the single, continuing motive of revenge by harassment for the loss of his paramour and children." *Id.*

*McCrary* is not applicable. Here, the charge of carrying a concealed weapon was not a "product" of the robbery and armed criminal action counts.

Our position is supported by *State v. Shubert*, 747 S.W.2d 165 (Mo.App.W.D. 1988). In *Shubert*, the defendant was charged with burglary and stealing, as well as auto theft. The burglary and stealing offenses occurred August 31, 1986. On September 3, defendant used a friend's car with her permission to move his belongings; defendant failed to return the car. On September 23, defendant was arrested driving the car; stolen articles were found in the car.

In *Shubert*, the court observed, "The evidence relevant to the burglaries was the discovery of the stolen goods in appellant's possession, not the fact that they were in a vehicle appellant was alleged to have stolen. Whether the automobile belonged to appellant or had been taken without the owner's permission was not relevant to proving appellant had committed the burglaries." *Id.* at 168.

Here, we have a similar situation. The evidence relevant to the robbery, assault, and armed criminal action charges was the discovery and ownership of the gun, not the fact that it was a concealed weapon. Whether the gun was concealed was not relevant to proving defendant had committed the other crimes.

Before going to the State's other contentions, we briefly review the cases relied on by the State in support of its position that we should apply a "liberal joinder" rule. *State v. Clark*, 729 S.W.2d 579 (Mo.App.E. D.1987); *State v. Harris*, 710 S.W.2d 324 (Mo.App.E.D.1986); *State v. White*, 755

S.W.2d 363 (Mo.App.E.D.1988); and *State v. Foerstel*, 674 S.W.2d 583 (Mo.App.W.D. 1984). None of these are similar to the case before us, nor do they support reversal of the trial court's judgment.

In *Clark*, defendant forced his way into an apartment at gunpoint, robbed six persons, and committed sexual offenses on May 14, 1985. On May 27, defendant forced his way into an automobile and robbed and sexually assaulted the driver. The *Clark* court found the offenses were of the "same or similar character," and thus, they were properly joined.

In *Harris*, defendant was charged with two burglaries and the stealing of two window air-conditioners on August 4, 1984. We observe that nothing in the opinion indicates defendant claimed improper joinder under Rule 23.05, which is the question before us. Rather, defendant claimed error in failing to sever under Rule 24.07. The *Harris* court found no abuse of discretion in denying the motion to sever.

In *White*, defendant was charged with eight counts of robbery, eight counts of armed criminal action, and two counts of first degree tampering. The offenses occurred on July 3, 1985, and January 3, 1986. Again we observe that defendant claimed error "in denying his motion to sever offenses," not improper joinder. *White*, 755 S.W.2d at 367. Because the facts tended to establish "acts of similar character and a common scheme or plan," *Id.* at 368, defendant's claim was denied.

In *Foerstel*, defendant was charged with nine offenses, consisting of escape, two counts of kidnapping, three counts of rape, two counts of burglary, and stealing. All of these events occurred within 24 hours, and were "acts constituting parts of a common scheme or plan." *Foerstel*, 674 S.W.2d at 589.

Finally, the State argues "joinder of offenses relating to a defendant's ongoing motive to elude police and perpetuate his criminal activity has been consistently upheld." In support, the State cites *Foerstel; State v. Ross*, 611 S.W.2d 296 (Mo.App.E.D. 1980); *State v. Robinson*, 591 S.W.2d 18 (Mo.App.E.D.1979); *State v. Callies*, 588

S.W.2d 18 (Mo.App.E.D.1979); and *State v. Luke*, 729 S.W.2d 584 (Mo.App.E.D.1987). None are applicable or controlling.

*Foerstel*, as previously noted, involved acts occurring within 24 hours. The *Foerstel* court found the "escape, burglary, the kidnappings and theft carried out [defendant's] intent to stay at large outside prison walls." *Foerstel*, 674 S.W.2d at 589. "The rapes were products of [defendant's] continuing dual motive to engage in as much sexual activity as possible outside of confinement and to effect his permanent escape." *Id.* at 590. Here, such intent and motive is missing.

In *Ross*, the defendant robbed a victim of money and his car, and within one hour, defendant "attempted to run down two policemen pursuing him for the robbery." *Ross*, 611 S.W.2d at 298. This court found the offenses were "part of the same transaction and were properly joined." *Id.*

In *Robinson*, defendant was charged with first degree murder and assault with intent to kill. While defendant was driving the alleged murder victim's car, apparently the same day as the victim's death, he shot at a police officer attempting to apprehend him. This court found the "offenses were based on a series of acts which were part of the same transaction under [then] Rule 24.04." *Robinson*, 591 S.W.2d at 20.

In *Callies*, defendant was charged with escape and first degree robbery. Defendant's escape occurred between 9:30 and 10:00 a.m.; the robbery involving the theft of an automobile occurred at approximately 10:00 a.m. On appeal, defendant claimed error in denying his motion to sever, not improper joinder. This court found the acts were part of the same transaction "in furtherance of his escape." *Callies*, 588 S.W.2d at 20.

In *Luke*, defendant was charged with burglary and stealing. Defendant stole from a car at 11:30 p.m., and within two hours, was found in another victim's house. This court found the charges were of a same or similar character. Further, we observed, "[B]oth victims were women, the police were in pursuit of defendant at the

time of the second crime, the crimes were committed within a six square block area, and the crimes were committed one right after the other in less than a two hour period of time." *Luke*, 729 S.W.2d at 585.

None of the facts in these cases are remotely similar to the facts before us. They do not aid the State in establishing that joinder was proper here.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., concurs.

KAROHL, J., dissents.