**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael CAMPBELL,
Defendant-Appellant.**

No. 48676.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Daniel Gralike, Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Michael Campbell, appeals the judgment of conviction in the Circuit Court of the City of St. Louis of two counts of robbery in the first degree, § 569.020, RSMo 1978. Finding that he was a persistent offender, § 557.036, RSMo 1978, the trial court sentenced him to a term of 18 years in the custody of the Missouri Department of Corrections on each count, said sentences to be served concurrently.

Prior to trial, appellant filed a motion to sever the two counts for separate trials pursuant to Rule 24.07. This motion was denied. He then made an oral motion in limine to bar the introduction of evidence concerning a robbery at an East St. Louis, Illinois carwash which evidence would show that he and the three other men who participated in the two robberies for which he was on trial were also active parties. The trial court also overruled this motion.

On appeal he contends the trial court erred in overruling his pre-trial motion to sever the two offenses for separate trial because (a) the offenses with which he was charged were not based on the same act or on two or more acts which were part of the same transaction that constituted parts of a common scheme or plan, and (b) as a result of the joinder of offenses, testimony concerning an unrelated crime allegedly occurring in the state of Illinois was admitted which had no logical relevance to prove a material fact in issue in his case, and that he was thereby denied of his due process and equal protection rights guaranteed to him by the Missouri Constitution, Article I, Sections 2, 10, 15, and 18(a) and the United States Constitution, Amendments V, VI and XIV. We affirm.

Appellant does not question the sufficiency of the evidence to support his conviction. Viewed in a light most favorable to the state, the evidence supports the jury verdict as we shall hereinafter demonstrate.

Count I involved the hold-up of Richard Jackson at about 10:30 p.m. on September 10, 1983 at a self-serve carwash on North Vandeventer in the central part of the City of St. Louis. Jackson's car was taken in that robbery by four black men. The four men had been on foot before. Two of the men had handguns. Jackson identified appellant as one of these men. The other three men involved allegedly were Kevin Davis, Jackie Southerland, and Louis Byrd. One of the men hit Jackson on the back of the head with an unknown object before the four left the scene with Jackson's car.

Count II involved another robbery committed approximately three hours later, at about 1:00 a.m. on September 11, 1983, in the downtown St. Louis area. The victims of this second robbery were Bobby and Connie Branch. The couple had driven to St. Louis from Humboldt, Tennessee, to see a Cardinal football game. At the time of the robbery they were parked on the side of the road near Highway 70 and Highway 55 examining a road map. One car pulled up in front of the Branches' auto while a second vehicle pulled up behind. One of these was Mr. Jackson's dark blue Ford Mustang. Mrs. Branch got the license

number. During the robbery, a tow truck passed slowly and one of the four black men involved fired a shot at it. The four then left quickly, with one of the men driving the 1980 Oldsmobile Cutlass that the Branches had been driving. Bobby Branch identified appellant as one of the four robbers.

█ Joinder is proper under Rule 23.05 if each of the offenses charged "are based on the same act or on two or more acts that are part of the same transaction or on two or more acts or transactions that constitute part of a common scheme or plan." The Missouri Supreme Court has determined that for purposes of Rule 23.05 a common scheme or plan links two or more crimes together whenever the offenses are "products of a single or continuing motive." *State v. McCrary*, 621 S.W.2d 266, 271[2] (Mo. banc 1981).

█ Appellant contends that the record does not support the conclusion that the motive inducing the robbery of Richard Jackson "lived on to induce the commission of similar acts" against the Branches. We disagree.

While the victims of these two robberies were not selected in advance, the record supports the finding that appellant and his partners in crime set out on the evening of September 10, 1983, with the intention of obtaining cars and money from targets of opportunity. They employed the car taken from Mr. Jackson at the St. Louis carwash for transportation to an East St. Louis, Illinois carwash where, under a modus operandi similar to the robbery at the St. Louis carwash they perpetrated another robbery and a second car, a Buick, was taken from the victim. Then, with the Mustang and the Buick the same four men proceeded to Highways 70 and 55 in St. Louis where they used both of these cars to sandwich in the Branch motor vehicle which was parked on the shoulder of the highway. The Buick was pulled up in front of the Branch Oldsmobile and the Mustang, driven by appellant, was pulled up behind the Branch automobile, thereby preventing the Branches from moving either backward

or forward to escape being robbed. The robbery of the Branches was made possible in large part by the availability of the two cars appellant and his companions had obtained earlier in the other two robberies.

From the evidence we conclude that it is unlikely that appellant and his fellow robbers thought of the commissions of the subsequent two robberies only after the robbery of Jackson in St. Louis, or that he conceived the idea of committing the second and third robberies independently. This is particularly so because of the modus operandi employed in each robbery. In each of these robberies the person or persons robbed were either near or in their respective car, and after the victim was relieved of his or her valuables, their car was stolen.

We believe that these similarities are an indication of the existence of a common scheme or plan to obtain valuables, money and cars by means of armed robbery. Also, when the appellant and his accomplices saw the Branches' car, according to the testimony of Louis Byrd, one of the participants who was a prosecution witness, they didn't have to stop and decide to rob the Branches. According to Byrd they seem to have decided to rob the Branches as soon as they saw the car stopped on the shoulder of the highway. This indicates a predetermined plan to rob targets of opportunity.

In *State v. Ross*, 611 S.W.2d 296, 298[2] (Mo.App.1981) this court held that if an automobile is both feloniously taken and used in the perpetration of a second crime a short time later, the two crimes can be considered part of the same transaction. The *Ross* case cites favorably *State v. Johnson*, 505 S.W.2d 11 (Mo.App.1974). In *Johnson* the defendant operated a motor vehicle without the consent of the owner and used it about an hour later to reach and depart from the scene of a robbery. The court held that the felonious taking of the automobile and the subsequent robbery were part of the same transaction and properly joined for trial. *Ross* and *Johnson* are, in our opinion, controlling in the

circumstances of this case, where appellant and his accomplices were driving the Branch automobile when they were observed and chased by the police who recognized the license plate on the Branch Oldsmobile as that of the Ford Mustang reported stolen a few hours earlier by Richard Jackson. Proof of the first St. Louis robbery was further interconnected with the second St. Louis robbery by the fact that appellant used the Mustang stolen in the first robbery to block the escape of the victims in the second robbery.

 Appellant also contends that evidence of the robbery in East St. Louis was improperly admitted. This point was not properly preserved for appellate review because no objection was made at trial to the admission of such evidence. While a motion in limine was orally made prior to commencement of the trial to exclude the evidence and overruled, timely objection at trial is required to properly preserve the point on appeal. *State v. Allbritton*, 660 S.W.2d 322, 328[13] (Mo.App.1983); *State v. Johnson*, 586 S.W.2d 437, 440[1] (Mo. App.1979). No objection to Louis Byrd's testimony concerning the East St. Louis robbery was voiced. Thus, if we are to afford this point review, we must do so as "plain error" under Rule 29.12(b). Appellant has failed to demonstrate a manifest injustice or miscarriage of justice has resulted from admission of this evidence and therefore we find no "plain error" which would cause us to reverse these convictions.

Even if timely objection to this evidence had been made, the trial court would not have committed reversible error in overruling said objection and admitting it. This evidence established that appellant and his accomplices had access to a light colored Buick with Illinois license plates. A car meeting this description was involved in the Branch robbery. This evidence had a tendency to implicate appellant in the Branch robbery and also tended to establish that he was on a "preconceived and deliberate criminal foray." *State v. Buxton*, 324 Mo. 82, 22 S.W.2d 635, 637 (Mo.

1929). Ultimately, the testimony indicated the existence of a common scheme or plan in which multiple robberies were contemplated. This would have been sufficient reason for admission of this evidence. *Steve v. Reese*, 364 Mo. 1221, 1226, 274 S.W.2d 304, 307 (Mo. banc 1954).

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.