STATE of Missouri, Respondent,

v.

Reginald A. BRUMMELL, Appellant.

No. 51646.

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1987.

Motion for Rehearing and/or Transfer
Denied June 2, 1987.

Application to Transfer Denied
July 14, 1987.

William J. Shaw, Mary E. Dockery, Clayton, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for burglary in the first degree and sexual abuse in the first degree. Defendant was sentenced to two consecutive terms of five years' imprisonment. We affirm.

At approximately 3 a.m. on May 26, 1985, victim awoke to find defendant lying on top of her. Defendant was naked. He held one of her hands to his penis and asked her to "jack him off." She resisted. Defendant again forced her to touch him. She again resisted by pushing him away. Defendant then jumped off and ran out of the bedroom.

Victim followed him down the stairs and watched as he ran out the sliding glass patio door. After defendant ran out the door, he turned and victim saw his face for several seconds under a bright outside light. Victim, initially thinking defendant might have been a male friend who had visited her earlier in the evening, called this male friend. After learning it was not her friend, victim called the police and gave them a description of the intruder.

On receiving a description of the attacker, Officer Stone, who had previously met defendant, proceeded to look for defendant. He located defendant a couple of blocks from victim's apartment. Approximately fifteen to twenty minutes after the offense, Officers Stone and Rudolph brought defendant to victim's apartment where she identified him as the man who had broken into her apartment.

After he had been read his Miranda rights, defendant stated that if he was arrested for the crime then he must be good for it and he had probably done it. Defendant testified at trial and denied making such statements.

At a physical lineup which was conducted two days after the offense, victim again identified the defendant as the man who attacked her. Victim also identified defendant at the trial.

Defendant makes a two-pronged attack on the identification testimony given by victim. Defendant first contends the trial court erred in overruling his motion to suppress testimony concerning victim's pretrial identification, because the pre-trial procedures were unduly suggestive. The second part of this attack alleges that victim's in-court identification was inadmissible since it was not grounded in a basis independent of the pre-trial identification. The issue of identification was not raised in the motion for a new trial and is not preserved for review. Rule 29.11(d). We review for plain error. Rule 30.20.

In determining the admissibility of identification testimony, reliability, not suggestiveness, is the key factor. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Even if identification procedures are suggestive, they do not invalidate reliable identifications based on a recollection independent of the suggestive procedures. The reliability of the identifications are assessed under the totality of the circumstances. *State v. Littleton,* 649 S.W.2d 225, 227 (Mo.banc 1983); *State v. Reasonover,* 700 S.W.2d 178, 182 (Mo.App. 1985). The following factors are considered in determining whether identification testimony is reliable: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior identification of the criminal; (4) the level of certainty demonstrated by the witness at the time of the confrontation; and (5) the length of time between the crime and the confrontation. *State v. Higgins,* 592 S.W.2d 151, 160 (Mo.banc 1979).

Victim had ample opportunity to view defendant during the commission of the crime. Victim awoke to find defendant on top of her. An outside light provided sufficient illumination in victim's room to allow her to see defendant. She could see well enough to know defendant had a mustache. She followed and was able to view him as he ran out of her bedroom, went down the stairs into the lighted living room, and exited through the sliding glass patio door. As he was leaving, defendant turned and victim again viewed his face directly under a bright outside light. She gave a description to police which was accurate even if it was general. The generality of the description was not surprising since descriptions usually focus on clothing and defendant was naked. Even though victim initially thought the attacker might be someone she knew, she positively and without hesitation identified defendant in all identification procedures. The original identifications took place shortly after the incident. Even if the identifications were suggestive, there were sufficient indicia of reliability to present the issue of the credibility of the identification to the jury. We find no error, and certainly no plain error.

In his second point, defendant contends the State failed to prove victim and defendant were not married at the time of the offense. In *State v. Thurber,* 625 S.W.2d 931, 933 (Mo.App.1981), the court stated "Non-marriage of the victim and the perpetrator is an essential element" of the crime of sodomy. The court went on to say, however, the fact of non-marriage can be proven by circumstantial evidence. In this case there was sufficient evidence to establish victim and defendant were not married. They had different surnames. She was living with her mother at the time of the trial and was sharing a townhouse with two other women at the time of the attack. The record indicates victim and defendant were strangers. Accordingly, there was sufficient evidence from which the jury could infer the non-marriage of the victim and defendant. Moreover, defendant admitted the non-marriage in his testimony.

In his final point, defendant contends the State failed to establish the element of forcible compulsion. Forcible compulsion is defined as physical force that overcomes reasonable resistance. § 556.061(12), RSMo 1986. The record reveals there was sufficient evidence to establish this element.

In challenging the sufficiency of the evidence, the State is entitled to the most favorable review of the evidence. *State v. Meyer,* 694 S.W.2d 853, 855 (Mo.App.1985). Victim awoke at approximately 3 a.m. to find defendant on top of her. He grabbed her hand and put it on his penis. As victim pushed him away, he held on to her hand and again tried to place her hand on his penis. Victim again resisted by pushing him away. The evidence was sufficient to show defendant used physical force to overcome victim's resistance by again forcing victim's hand onto his penis.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.