**STATE of Missouri, Respondent,**

**v.**

**Arvin WALKER, Appellant.**

**No. 52077.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 27, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for stealing over $150, for which defendant was sentenced as a persistent offender to a term of imprisonment of five years to run consecutively to a fifteen-year sentence defendant is presently serving.

Defendant was convicted of stealing a case of cologne from Famous-Barr Companies on Forsyth Road in Clayton, Missouri, on July 16, 1985. The sufficiency of the evidence is not questioned. Defendant's only point on appeal is that the trial court committed *plain error* by permitting admission into evidence defendant was in possession of items stolen from other businesses that were not the subject of the offense for which he was being tried.

At approximately 1:30 p.m. on July 16, 1985, a Clayton police officer observed a red Chevette automobile drive into the upper east parking lot of Famous-Barr on Forsyth Road in Clayton, Missouri. This police officer saw defendant and another individual in the car. Defendant and the other individual entered the east door of the Famous-Barr store.

A few minutes later, the police officer saw defendant leave the store and walk back to the car. Defendant's suit coat was draped over his arm, and defendant took a tan object out from under his suit coat and placed it into the rear seat of the automobile. As defendant drove west on Forsyth, the police officer observed the second individual standing on the southeast corner of Famous-Barr.

The police officer had dispatched for help when he observed these actions and a second police officer arrived at the parking lot in time to see defendant place the tan object into the car. The second police officer left the parking lot and upon catching sight of the car followed it into a Dolgin's parking lot. Meanwhile, a third police officer arrived at Dolgin's and saw defendant return and place a briefcase into the car.

The second police officer later caught sight of the vehicle and stopped it at the entrance ramp of Forest Park Parkway. As he asked the individuals for identification, he saw a tan oblong box on the floor by the back seat with Famous-Barr markings on it. The second police officer seized two Famous-Barr shipping boxes containing Chanel cologne and samples as well as a shipping carton of flashlight batteries from a Walgreen's store in University City

and a leather attache case from S.G. Adams' store.

Defendant subsequently made an oral and written statement to the police. In the oral statement, defendant admitted to taking the two shipping cartons of cologne from Famous-Barr as well as the batteries and briefcase, all on January 16. Defendant admitted taking the briefcase after he left Famous-Barr.

The trial court permitted the state to introduce evidence that police not only seized the cologne, but had also seized the flashlight batteries with markings of Walgreen's store in University City and the leather attache case from S.G. Adams' store near the corner of Bemiston and Forsyth. S.G. Adams' store was one block west of Dolgin's. The batteries were taken from Walgreen's store in University City earlier in the day.

■ The testimony as to the batteries and the attache case was relevant to show defendant's common scheme or plan in stealing the items in a continuous course of conduct in one day. *State v. Campbell,* 689 S.W.2d 696, 698[2] (Mo.App.1985); *State v. Clay,* 686 S.W.2d 516, 518[2] (Mo. App.1985).

■ Moreover, defendant argued he gave a false confession in return for the police not arresting him on outstanding warrants and not prosecuting him for the thefts to which he was confessing. The alleged reason the police were willing to make the deal was to clean up their record by showing reported crimes had been solved. Since defendant confessed to thefts which had occurred on the day of his arrest which had not yet been reported, and since the evidence showed defendant was in possession of the stolen merchandise, the evidence of the other crimes was relevant to show defendant had stolen the cologne from Famous-Barr and not just made up the confession. We find no plain error.

Judgment affirmed.

KELLY, J., concurs.

SATZ, C.J., concurs in result.