**Reginald A. BRUMMELL,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 55151.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 4, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 1989.

Application to Transfer Denied
June 13, 1989.

H. Christine Taylor, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of first degree robbery and first degree sexual abuse and sentenced to two consecutive five year terms of imprisonment. We affirmed his convictions in *State v. Brummell*, 731 S.W.2d 354 (Mo.App.1987). The general facts surrounding the crimes are presented there. *Id.*

In his Rule 29.15 motion, movant alleged his trial counsel was ineffective for (1) failing "to investigate the probable testimony of two defense witnesses, [his pastor and a former roommate], even though movant informed trial counsel of said witnesses" and (2) for "failing to conduct a satisfactory investigation into the facts and circumstances of the alleged incidents." Movant alleged the two witnesses would have established his "arrest was a direct result of a law enforcement frame-up." At the evidentiary hearing movant testified on his own behalf and his trial counsel testified for the state. The court entered findings of fact and conclusions of law denying the motion. On appeal, movant argues the findings of fact and conclusions of law are clearly erroneous. Movant has only argued the failure to investigate the two witnesses in his brief; therefore we consider his appeal confined to that issue.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at an evidentiary hearing on a postconviction relief motion, and an appellate court must defer to the motion court's determination of credibility. *See e.g. Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). Counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particu-

lar investigation is unnecessary. A decision to forego investigation must be evaluated for reasonableness under the circumstances, all the while giving great deference to counsel's judgment. *Richardson,* 719 S.W.2d at 915, *citing Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. Counsel's duty to investigate includes contacting potential witnesses named by the client who might aid in his defense. *Poole v. State,* 671 S.W.2d 787, 788 (Mo.App.1983).

The motion court chose to believe the testimony of movant's trial counsel at the evidentiary hearing rather than that of movant; "[t]he Court finds that Movant's testimony on his own behalf, both at trial and in the Rule 29.15 hearing, was totally and absolutely incredible on virtually every point." We defer to the court's determination of credibility.

█ A review of the record reveals that counsel's chosen defense at trial was based upon the weakness of the state's identification of defendant as the criminal actor. Counsel testified he did not want to assert police harassment culminating in a frame-up as a defense, as movant desired, because it would open inquiry into a charge pending against movant and movant's prior contacts with the police. Further, counsel testified he learned the pastor was out of the country and therefore unavailable. He also testified the prosecutor informed him movant's former roommate had made a statement wherein he alleged movant had implicated himself in the crimes.

The findings and conclusions of the motion court that counsel's choice not to investigate the two witnesses was a trial strategy and that not only did movant suffer no prejudice by the failure to call them but that his roommate's testimony would have been "devastating" are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.