James EDDES, a/k/a Arvin Walker, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 55934.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 12, 1989.

Lisa K. Clover, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

A jury convicted movant of stealing over $150 (specifically a case of cologne), and the court sentenced him as a persistent offender to a 5 year prison term to run consecutive to a 15 year sentence movant was already serving. We affirmed movant's conviction in *State v. Walker,* 736 S.W.2d 475 (Mo.App.1987), wherein a statement of the facts can be found.

Movant filed a pro se Rule 29.15 motion, which was amended by counsel, alleging numerous grounds for relief including the claim that trial counsel was ineffective for failing to investigate and call witnesses who would have testified that the value of the stolen property was less than $150. In denying relief, the motion court made the following pertinent findings:

26. At the trial ..., movant's trial counsel vigorously cross-examined the State's witness who had testified as to the value of the merchandise taken.

27. At the hearing on movant's motion, there was no credible testimony presented as to the value of the property taken.

28. At the hearing on movant's motion, the only witnesses were movant and his trial counsel; and the testimony of movant was not credible.

. . . .

32. At the hearing on movant's motion, there was no credible evidence presented as to what testimony may have been given by the witness who movant claims had not been called on his behalf.

33. At the hearing on movant's motion, there was no evidence presented that the value of the items taken was less than One Hundred Fifty Dollars ($150.00).

. . . .

39. Movant has failed to demonstrate that the matters about which he complained in his motion resulted in prejudice to him.

40. Irrespective of the errors alleged to have been made by movant's trial counsel, there was no reasonable probability that movant would have been acquitted considering the totality of circumstances presented in movant's trial.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State,* 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

To establish counsel's ineffectiveness for failing to investigate and present defense witnesses, a movant must prove the witnesses could have been located

through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984).

■ The credibility of witnesses is for the motion court's assessment, and it may reject testimony even though no contrary evidence is offered. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

■ Counsel testified that movant gave him a folder with information indicating the value of the cologne was less than $150.00. Counsel used the folder to cross-examine the state's witness on the value issue. On appeal, movant presses his claim of ineffectiveness based on counsel's failure to present evidence of and investigate further the cologne's value. He contends such evidence would have constituted a defense to the charges and would have entitled him to an instruction on misdemeanor stealing. However, movant failed to prove that witnesses could have been located who would have testified that the value of the cologne was less than $150.00. Movant therefore fails to satisfy the *Hogshooter* requirements.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.