**David Lee SEMPSROTT,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 56092.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1990.

Application to Transfer Denied
March 13, 1990.

Cheryl Rafert, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

A jury convicted movant of two counts of first degree murder and one count of sec-ond degree murder; the court sentenced him as a prior offender to consecutive terms of life imprisonment without possibility of probation or parole for 50 years for the first degree murders and to a concurrent term of life imprisonment for the second degree murder. We affirmed on direct appeal. *State v. Sempsrott,* 587 S.W.2d 630 (Mo.App.1979).

The state's evidence was that movant, after smoking a number of marijuana cigarettes and ingesting a quantity of tetrahydrocannabinol (THC) drove at 1:00 a.m. to an apartment occupied by his friend Donald Chronister, Donald's girlfriend Mary Ann Blair, and her four year old daughter Angela. Movant and Chronister began playing cards and smoking marijuana. When Chronister went to get two cold drinks from the refrigerator, movant followed him. As Chronister neared the refrigerator, movant hit him in the back of the head with the barrel of a handgun he had concealed under his coat. When Chronister turned around, movant took a step back and shot him in the head and chest. Movant then ordered Mary Ann to gag and tie her daughter, and after Mary Ann had done so, movant bound Mary Ann. Movant sat down on a couch with Mary Ann lying in front of him. He ordered Mary Ann to remove her robe, and after she complied, movant with a scissors cut away her nightgown so that she was lying naked on the floor. Following is from the direct appeal opinion:

> According to his own testimony, defendant sat on the couch for thirty-five to forty minutes. He then stood up, walked to the kitchen, put on a pair of gloves and picked up a large knife. Defendant walked back into the livingroom and stabbed Mary Ann thirteen times. During his attack Mary Ann freed her hands and tried to resist. Defendant responded by smashing the butt of the gun's handle to her forehead. When defendant was sure Mary Ann was dead he went into the bedroom where Angela lay asleep on her mother's bed. Defendant lifted the child from the bed and placed her on the

floor. He then stabbed Angela in the throat and strangled her until dead.

After defendant finished he returned to the livingroom couch. Defendant sat there for thirty to forty-five minutes before he decided to leave the apartment. Prior to departing defendant collected whatever incriminating evidence he could find, including the gun, Mary Ann's robe and nightgown, the ashtrays he touched while smoking and the knife. Defendant also seized the watch from Chronister's wrist, the wallet from Chronister's back pocket and an unemployment check for $85 issued to Chronister....

*Sempsrott,* 587 S.W.2d at 630.

Defendant made oral and videotaped statements wherein he admitted murdering the victims. After pleading not guilty by reason of mental disease or defect and giving notice of his intent to use the additional defense of diminished capacity, defendant at trial again admitted committing the murders.

In his Rule 29.15 motion, movant alleged, inter alia, that counsel was ineffective for failing to pursue the defense of not guilty by reason of mental disease or defect, that the trial court erred in failing to hold a hearing on movant's competency to stand trial and that the trial court committed certain instructional errors. The motion court held an evidentiary hearing at which movant and his trial counsel testified. The motion court in denying relief concluded that counsel's decision not to pursue the defense of not guilty by reason of mental disease or defect was based on trial strategy and that movant was not thereby prejudiced, that movant failed to raise a bona fide doubt as to his competency to stand trial, and that his claim of instructional error was not cognizable in a Rule 29.15 proceeding.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State,* 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

To prevail on an ineffective assistance of counsel claim, a movant must show 1) counsel's performance was deficient and 2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. Every effort should be made to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986), *citing Strickland v. Washington,* 466 U.S. 668, 688–89, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

To establish prejudice, a movant must show that the alleged error had an adverse effect on the defense. The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient. Rather, the movant, when challenging a conviction, must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. In determining whether a reasonable probability exists, the court must consider the totality of the evidence before the fact finder. *Strickland v. Washington,* 466 U.S. 668, 691–96, 104 S.Ct. 2052, 2066–69, 80 L.Ed.2d 674 (1984); *Richardson v. State,* 719 S.W.2d 912, 915–16 (Mo.App.1986).

■ On appeal, movant presses the claims discussed above. For his claim of ineffective assistance of counsel, movant

relies on the testimony at trial of his psychiatric witness. The witness testified movant was "as completely under the influence of [drugs] that one felt it was almost in borderline of a psychotic behavior." However, the witness never in response to a direct question stated movant suffered from psychosis. At the evidentiary hearing, trial counsel testified he thought there was insufficient evidence to support the defense of not guilty by reason of mental disease or defect and in his opinion the best strategy was to argue, based on the psychiatric testimony, that movant was incapable of forming the intent requisite for premeditated murder. Based on the record before us, we are not prepared to second guess counsel's decision. Moreover, we agree with the motion court that movant was not prejudiced by counsel's decision not to pursue the defense. The jury after being instructed on the defense of diminished capacity returned a verdict convicting movant of two premeditated murders. Thus, the jury rejected the argument that movant's drug use prevented him from forming the requisite intent. Having rejected movant's mental disease evidence, there is no reasonable probability that the jury would have had a reasonable doubt respecting guilt based on the defense of not guilty by reason of mental disease or defect. Movant cannot show prejudice.

■ As to movant's claim of error based on the failure to hold a competency hearing, counsel testified it was his recollection that both psychiatric reports filed with the trial court showed movant was competent to stand trial. These reports are not part of the record. At the evidentiary hearing movant was asked, "Did you understand what was going on at your trial?" He responded, "For the most part, yes." He also testified he understood the roles of the prosecutor, defense counsel and the jury but was unsure of the role of the judge. Movant relies primarily on the testimony of his psychiatric witness to show he was incompetent. This testimony is of no help, though, because it relates to his mental state at the time the crimes were committed, not at the time of trial. We agree with the motion court that movant failed to show he was incompetent to stand trial.

■ Movant's claim of instructional error, aside from being without merit, is not cognizable in this proceeding. *Newlon v. State*, 705 S.W.2d 590, 593 (Mo.App.1986).

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.