Herbert A. CHASTAIN, Appellant,

v.

STATE of Missouri, Respondent.

No. 58214.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 13, 1991.

Rosalynn Koch, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from the denial of a Rule 29.15 motion after an evidentiary hearing. The conviction sought to be vacated was for murder, for which the sentence was life imprisonment without eligibility for probation or parole for fifty years. We affirm.

Movant proffers his lawyer failed to investigate and question Officer Bittle as to information Bittle received on the involvement of another inmate, Randy Jordan, in the murder. Such investigation movant contends would have provided movant with a defense of misidentification. Defendant opines he was misidentified as fellow inmate Randy Jordan despite two eyewitnesses who testified at the original trial that movant was apprehended at the scene of the murder.

Movant's trial lawyer testified at the evidentiary hearing. He conferred regularly with movant about all matters concerning his defense, including possible witnesses to call. He requested that movant make a list of all persons who would be possible witnesses. He spent several days interviewing every person whose name he was presented. He attempted to interview inmate Randy Jordan but was unsuccessful due to Jordan's refusal to speak with him. He relied on an investigation report that was prepared by prison authorities. According to this report, prison authorities interviewed inmates and concluded movant was involved in the incident and movant had not been misidentified as inmate Jordan.

Movant's trial counsel also testified that no question about the misidentification of movant was brought to his attention. He made the decision not to present a defense of misidentification because the facts did not warrant it. The motion court found that counsel's failure to use this defense was part of trial strategy.

Officer Bittle was called to testify at the evidentiary hearing. He stated he had no personal knowledge of the incident. His only involvement was to escort the victim's body to the prison hospital. He had given this same testimony at movant's trial.

Movant claims Officer Bittle had knowledge of Jordan's involvement and that if his lawyer had investigated further, he would have discovered this knowledge and used it to establish a "defense of misidentification." Movant had to prove (1) that his lawyer failed to exercise the customary care and skill that a reasonably competent attorney would show under similar circumstances, and (2) he suffered prejudice as a result. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Officer Bittle testified he may have heard some rumors concerning the involvement of Randy Jordan in the assault, but there was no indication as to when these rumors were heard by Bittle. Movant's lawyer testified at the evidentiary hearing he had no information prior to the trial that Bittle possessed any special knowledge. Further, the evidence fails to establish that Bittle did have any such knowledge. Deference must be given to the hearing court on issues and witness credibility. *Eddes v. State*, 776 S.W.2d 463, 465[3] (Mo.App. 1989).

Movant argues that his lawyer failed to adequately examine Officer Bittle at the original trial. The record shows that his lawyer had no reason to believe that Bittle possessed any special knowledge. Officer Bittle testified that he had no such personal knowledge. There was no error in the motion court's finding that Bittle's testimony at the evidentiary hearing was consistent with his trial testimony. Movant has failed to show any prejudice as to any such failure. This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRANDALL, C.J., concur.