**David G. VOYLES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 29085.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 14, 2009.

Rosalynn Koch, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary H. Moore, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

David G. Voyles ("Movant") failed to return a three-year-old, used 27–inch television to Rent One and subsequently pled guilty to a felony charge for a violation of section 578.150,[1] the failure to return rented personal property. The violation of section 578.150.7 is a misdemeanor unless the value of the rented personal property is over $500, in which case it is a felony. At the time of Movant's plea, the prosecuting attorney stated on the record that the value of the television was $486 and that Movant paid a $50 deposit on it at that time. Despite the statement of the prosecutor, Movant plead guilty to a class C felony and the court ordered restitution of $600 to Rent One. Movant was sentenced pursuant to a plea agreement to five years in prison with a suspended execution of sentence; he violated his probation, in part, by not paying the restitution of $600 and the sentence was then executed.

---

1. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2008), unless otherwise specified.

Movant's motion to vacate, correct or set aside the judgment claimed that he received ineffective assistance of counsel when counsel failed to investigate the actual value of the television and that an adequate investigation could have disclosed exculpatory information that could have forced the State to reduce the charge to a misdemeanor. Movant claims he would not have pled guilty had counsel properly investigated his case and counsel's failure to investigate influenced his decision to plead guilty because he believed he did not have a "chance." The trial court denied Movant's claim and stated that "there is no persuasive evidence that a credible witness could have been located by the attorney to testify at a trial that the value of the television set was less than $500.00."

■ Initially, we shall discuss the State's claim that Movant failed to report to his probation officer and, thus, he has waived his right to appeal because of the "escape rule." Absconding from probation supervision can be grounds for dismissing an appeal by invoking the "escape rule." *State v. Surritte*, 35 S.W.3d 873, 875 (Mo. App. W.D.2001). "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. Whether or not to use the escape rule to dismiss an appellant's claims of error rests within the sound discretion of the appellate court." *Elverum v. State*, 232 S.W.3d 710, 714 (Mo.App. E.D.2007) (internal citations omitted). More than once, Movant failed to report to his probation officer and capias warrants were issued. We do not condone Movant's failure to report to his probation officer; however, the trial court reached the merits of this case as do we. The substantive issue in this case persuades us to deny the application of the "escape rule" and review Movant's case on the merits.

■ Appellate review of the trial court's action on a Rule 24.035 motion shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous if this Court is left with the definite and firm impression that a mistake has been made after reviewing the entire record. *Freeman v. State*, 257 S.W.3d 186, 188 (Mo.App. S.D. 2008). We are not reviewing the public policy involved in the decision to incarcerate someone for five years for failing to return a three-year-old used television set to a rental company. A movant is entitled to post-conviction relief from a judgment of conviction due to ineffective assistance of trial counsel only if he demonstrates that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney and, as a result, there is a reasonable probability that the proceeding would have resulted in a different outcome but for counsel's errors. *Id.* at 189. Following a guilty plea, however, "[a]ny claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo.App. S.D.1990).

The motion court relied on *Eddes v. State*, 776 S.W.2d 463 (Mo.App. E.D.1989), to support its conclusion that plea counsel had not been ineffective in failing to investigate the fair market value of the property. In *Eddes*, the movant "alleg[ed] numerous grounds for relief including the claim that trial counsel was ineffective for failing to investigate and call witnesses who would have testified that the value of the stolen property was less than $150." *Id.* at 464. The court stated, "[t]o establish counsel's ineffectiveness for failing to investigate and present defense witnesses,

a movant must prove the witnesses could have been located through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense." *Id.* at 464–65. The court affirmed the lower court's decision that counsel was not ineffective because the appellant "failed to prove that witnesses could have been located who would have testified that the value of the [property] was less than $150.00." *Id.* at 465.

 Evidence of purchase price, age, and condition of the property are all relevant to a determination of its value. *State v. Holmes*, 830 S.W.2d 460, 462 (Mo.App. E.D.1992). The value in question is the value of the television on the date of the committed offense. *State v. Boyd*, 91 S.W.3d 727, 733 (Mo.App. S.D.2002). Likewise, "[i]t is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." *Cravens v. State*, 50 S.W.3d 290, 295 (Mo.App. S.D. 2001). There is no basis for the trial court finding that there was no persuasive evidence that a credible witness could have been located by the attorney to testify at trial that the value of the television set was less than $500 because the State at the time of the plea admitted the value was less than $500; nevertheless, Movant did not prove that he was prejudiced by the lack of investigation into the value of the television. As the moving court correctly noted, he did not prove that "but for errors of counsel, he would not have pleaded guilty and would have insisted on going to trial."

 The testimony of plea counsel was that counsel was unable to discuss the case with Movant because he made himself unavailable. Movant entered the plea at the time of the arraignment. Counsel further

testified that Movant wanted to plead guilty to get out of jail even though counsel told Movant that discovery was not complete. As noted, we are faced with the question of whether plea counsel was ineffective, and not the value of the television set. Based on the combination of plea counsel's statements and Movant's statements at the time of the plea, that he knew he had a right to a trial and to call witnesses but chose to plead, we find Movant did not meet his burden to show that plea counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced by that performance.

The judgment is affirmed.

LYNCH, C.J., and PARRISH, J., concur.