

# SUPREME COURT OF ARKANSAS

No. CR–15–1022

|  |  |  |
|---|---|---|
| ADAM EUGENE LANE | | **Opinion Delivered:** February 16, 2017 |
| | APPELLANT | |
| V. | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. CR-2015-90-A] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Appellant Adam Lane, a parolee, appeals the judgment of the Sebastian County Circuit Court denying his motion to suppress evidence that officers discovered in his hotel room. Lane argues on appeal that the circuit court erred in denying his motion because the officers entered without a warrant and without knocking and announcing their presence in compliance with the Fourth Amendment to the United States Constitution and article II, section 15 of the Arkansas Constitution. It is an issue of first impression in Arkansas whether the knock-and-announce rule applies to parolees, and if it does apply, whether the exclusionary rule is the appropriate remedy. Lane also argues that that circuit court should have granted his motion in limine to exclude an affidavit in which he took criminal responsibility for the contraband discovered in the hotel room. We hold that the knock-and-announce rule applies to parolees, but that the exclusionary rule is not the appropriate remedy. We also hold that Lane's affidavit should not be excluded under the Arkansas Rules of Evidence. Therefore, we affirm.

SLIP OPINION

## I.     *Background*

In January 2015, Lane, who was on parole from the Arkansas Department of Correction, was staying at a hotel in Fort Smith.  Lane had appeared for his initial parole intake but had failed to report to his Arkansas Department of Community Corrections parole officer, Adam Nading, in January as instructed.  Lane also had violated a condition of his release by staying at the hotel, which was not his primary residence, without prior approval.

Nading learned that Lane was staying at the hotel and went there with a Fort Smith police officer.  The hotel manager used an electronic key device to open the locked door for the officers.  The officers did not knock or announce their presence before entering the room.  Lane, who had been asleep in bed with a female companion, was arrested by the officers.  Next to the bed, officers observed several baggies containing methamphetamine. The officers discovered more methamphetamine and a handgun in the bed.

Following his arrest, Lane authored a statement wherein he stated that the drugs found in the hotel room were his, not his companion's.  A jail employee notarized the statement.  Lane was charged as a habitual criminal offender with simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia.  He filed a motion to suppress the evidence seized during his arrest on the basis that the officers entered his hotel room without a warrant and failed to knock and announce their presence.  He also filed a motion in limine to exclude the signed statement.  The circuit court denied both motions.  The jury convicted Lane of the charges, and the circuit court sentenced Lane to seventy years' imprisonment.



II.     *Motion to Suppress*

When we review a trial court's denial of a motion to suppress evidence de novo, we make an independent determination based on the totality of the circumstances.  *Cherry v. State*, 302 Ark. 462, 731 S.W.2d 354 (1990).  We reverse the trial court only if the ruling was clearly against the preponderance of the evidence.  *Id.*

To resolve the issue presented here, we first must decide whether the officers lawfully entered the hotel room without a warrant.  If we determine that their entry was lawful, we then must determine whether the "knock and announce" rules of the Fourth Amendment to the United States Constitution and article II, section 15 of the Arkansas Constitution apply to parolees. If knock and announce does apply, and since the parties agree that there were no exigent circumstances, we must then decide whether exclusion of the evidence is warranted.

A.  Warrantless Entry

We first conclude that the officers' warrantless entry into Lane's hotel room was lawful.  As part of his "Conditions of Release" from the Arkansas Department of Correction, Lane consented to a warrantless search and seizure of his "person, place of residence, and motor vehicles."  In *Cherry*, we held that such consents-in-advance do not violate the Fourth Amendment because "[t]he special needs of the parole process call for intensive supervision of the parolee making the warrant requirement impractical" and because parolees have a "diminished expectation of privacy." *Id* at 467, 731 S.W.2d at 357.   However, parole officers may carry out searches only if reasonable grounds exist to investigate whether the parolee had violated the terms of his parole.  *Id.*

Here, the entry into Lane's hotel room was lawful because reasonable grounds existed. Lane had violated a condition of his parole by failing to report to Nading in January. Furthermore, among the conditions of Lane's parole was that he not stay away from his designated residence without prior approval from his parole officer. Nading had not approved Lane's stay at the hotel. For these reasons, we find that the warrantless search conducted by the parole officer was valid.

## B. Knock and Announce

Next, we must determine whether the officers violated the "knock and announce" requirement of the United States Constitution and the Arkansas Constitution when they entered the parolee's hotel room. In 1917, Congress adopted the common-law principle that law enforcement officers must knock and announce their presence before entering a residence. *See* The Espionage Act, 40 Stat. 229 (currently codified at 18 U.S.C. § 3109). In *Wilson v. Arkansas*, the United States Supreme Court reversed the Arkansas Supreme Court and held that the Fourth Amendment incorporates the common-law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting entry. 514 U.S. 927 (1995). Justice Thomas explained that the common-law protection of knock and announce can be traced back to the year 1603. *Id.*

However, the *Wilson* Court recognized that under some circumstances the "flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests." *Id.* at 934. These circumstances may include the threat of harm to law enforcement officials or third parties, the possible destruction of relevant evidence, or the potential escape of the suspects. *Id.* We have

SLIP OPINION

similarly incorporated a reasonableness inquiry in analyzing "knock and announce" violations under the Arkansas Constitution. *See Hart v. State*, 368 Ark. 237, 244 S.W.3d 670 (2006).

In the present case, the State does not dispute that the officers did not knock on the door and announce their presence and purpose prior to entering Lane's hotel room or that no exigent circumstances existed to give the officers reasonable suspicion that knocking and announcing would be dangerous or futile. Nevertheless, the circuit court concluded that because Lane had waived his rights regarding searches and seizures as part of his conditions of parole, the entry represented "one of the reasonable unannounced entries contemplated by the *Wilson* court." Therefore, the circuit court concluded that the officers were not required to knock and announce before entering Lane's hotel room. On this point, we disagree with the circuit court.

While parolees have fewer expectations of privacy than free citizens, their privacy rights are not wholly inconsequential. A parolee has a diminished expectation of privacy because his residence is subject to search on demand. But this diminished expectation does not justify unannounced entry at any time. Knock–and–announce principles protect even those with limited privacy interests, like parolees, and the individual interests implicated by an unannounced, forcible entry should not be unduly minimized. We should not be cavalier in curtailing the knock and announce rule, which dates back to 1603.

Like other courts considering this issue, we do not limit the privacy interests of parolees such that searches may be pursued by officers without knock and announcement prior to entry. *See Portnoy v. City of Davis*, 663 F. Supp. 2d 949, 957 (E.D. Cal. 2009) ("A

parole or probation search does not permit an exception to the knock and announce requirement unless there are exigent circumstances or futility."); *Green v. Butler*, 420 F.3d 689 (2005) (holding that there is no blanket exception to the knock-and-announce requirement for parolees); *People v. Montenegro*, 219 Cal. Rptr. 331 (Cal. Ct. App. 1985) (for warrantless parole arrests, there must be substantial compliance with knock-and-announce rules); *United States v. Musa*, 288 F. Supp. 2d 1205, 1208 (D. Kan. 2003) ("The government does not cite, nor did the Court find, cases that extend a probationer's diminished expectation of privacy to elimination of the knock and announce requirement . . . ."), *rev'd on other grounds by United States v. Musa*, 401 F.3d 1208 (10th Cir. 2005).

Three reasons weigh in favor of requiring knock and announce for parolees. First, the knock-and-announce requirement safeguards and protects the interests of officers themselves "because an unannounced entry may provoke violence in supposed self-defense by the surprised resident." *Hudson v. Michigan*, 547 U.S. 586, 594 (2006). In this case, appellant and his female companion had a gun in close proximity. The parole and law enforcement officers who entered without knocking and announcing risked being shot as unknown entrants to the hotel room.

Second, the requirement guards the privacy and dignity that can be eliminated by a sudden entrance. *Richards v. Wisconsin*, 520 U.S. 385, 393, n.5 (1997). This protects not only the parolee, but also the parolee's family and acquaintances, who may be on the premises when the search occurs. It gives residents the "opportunity to prepare themselves for" an entry by giving them time to put on clothes or get out of bed. *Id.* In the present case, appellant and his companion were in bed when officers entered unannounced. By

requiring officers to take the small step of knocking and announcing, we ensure the privacy and dignity of parolees, their families, and companions.

Third, as the Supreme Court observed in *Wilson*, individuals should be provided the opportunity to comply with the law and to avoid the destruction of property occasioned by forcible entry. *Wilson*, 514 U.S. at 930–32. In the present case, the motel employee opened the door, but often, unannounced entry results in a door being kicked in and property being destroyed.

Furthermore, the United States Supreme Court and the federal courts have tended to reject blanket exclusions to the knock-and-announcement requirement. *See, e.g.*, *Richards*, 520 U.S. at 390–94 (rejecting blanket exception to knock-and-announce rule in felony drug cases); *Kornegay v. Cottingham*, 120 F.3d 392, 398–99 (3d Cir. 1997) (rejecting blanket exception to knock-and-announce rule for murder investigations, even if suspect had previous arrests for violent offenses using weapon); *Ingram v. City of Columbus*, 185 F.3d 579, 589 (6th Cir. 1999) (rejecting blanket exception to knock-and-announce rule in investigation of drug transaction because mere possibility or suspicion that defendant is likely to dispose of evidence is insufficient to create exigency); *United States v. Tavares*, 223 F.3d 911, 916–17 (8th Cir. 2000) (rejecting blanket exception to knock-and-announce rule for felony drug cases stemming from destruction-of-evidence exigency), *overruled on other grounds by Doran v. Eckold*, 409 F.3d 958 (8th Cir. 2005); *United States v. Nielson*, 415 F.3d 1195, 1202 (10th Cir. 2005) (rejecting blanket exception to knock-and-announce rule for possession of firearms because "mere statement that firearms are present, standing alone, is insufficient" to create exigency); *Green v. Butler*, 420 F.3d 689, 699 (7th Cir.

2005) (rejecting blanket exception to knock-and-announce rule for searches of parolees' and probationers' residences); *United States v. Singleton*, 441 F.3d 290, 294 (4th Cir. 2006) (rejecting blanket exception to knock-and-announce rule for drug investigations, even if conducted in dangerous neighborhood and defendant has criminal history); *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012) (rejecting blanket exception to knock-and-announce rule for investigation of residence suspected of being site of sale of methamphetamine).

Accordingly, because the officers failed to knock and announce their presence before entering Lane's hotel room and because there was no reasonable basis for their failure to knock and announce, the officers' conduct violated Lane's protection from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and article 2, section 15 of the Arkansas Constitution.

## C. Exclusionary Rule

Despite this violation, we hold that the evidence seized should not be suppressed. The Supreme Court has held that under the Fourth Amendment to the United States Constitution the exclusionary rule does not apply to knock-and-announce violations by police. *Hudson v. Michigan*, 547 U.S. 586 (2006).[1] We likewise hold that in the case of parolees, the exclusionary rule does not apply to knock-and-announce violations under article II, section 15 of the Arkansas Constitution. In *Hudson*, the Court held that if officers

---

[1] *Hudson* overrules our decision in *Mazepink v. State*, 336 Ark. 171, 987 S.W.2d 648 (1999) wherein we concluded that under the Fourth Amendment, the exclusion of evidence was the appropriate remedy for a knock-and-announce violation. In *Mazepink,* we did not address whether the exclusionary rule should apply under article 2, section 15 of the Arkansas Constitution.

violate the knock-and-announce rule in the course of executing a search warrant, then the trial court may not suppress the evidence for two reasons. First, a knock-and-announce violation is too "attenuated" from the seizure of evidence to warrant exclusion. *Id*. at 591–94. Second, under the exclusionary-rule balancing test, the "deterrence benefits" of suppression do not "outweigh the substantial social costs." *Id*. at 593–94.

*Hudson* involved a search of a defendant's home with a valid search warrant. However, the *Hudson* rule has been extended to situations involving different types of authorization for police to enter a defendant's dwelling. *See, e.g.*, *United States v. Smith*, 526 F.3d 306 (6th Cir. 2008) (extending *Hudson* rule to knock-and-announce violations during warrantless searches of parolees); *United States v. Pelletier*, 469 F.3d 194 (1st Cir. 2006) (extending *Hudson* to knock-and-announce violations during execution of an arrest warrant); *In re Frank S. v. Frank S.*, 47 Cal. Rptr. 3d 320 (Cal. Ct. App. 2006) (also extending *Hudson* to knock-and-announce violations during parolee searches).

We extend the *Hudson* rationale to instances in which the defendant is a parolee. As in *Hudson*, exclusion is not warranted because the relationship between discovery of the evidence and the constitutional violation is sufficiently attenuated. In other words, the interest asserted by Lane (i.e., the right to prevent the government from using the drug evidence in court) is unrelated to the interests underlying the knock-and-announce rule. Furthermore, the social costs identified by the Court in *Hudson* (the release of dangerous criminals into society, the drain of judicial resources, and the result of preventable violence to officers and destruction of evidence) far outweigh the deterrence benefits as applied to parolees. Thus, despite the knock-and-announce violation, the evidence seized from Lane



should not have been suppressed under the Fourth Amendment or article 2, section 15 of the Arkansas Constitution. Consequently, we affirm the circuit court's decision to admit the evidence seized from Lane.

### III.    *Motion in Limine*

Lane also argues that the circuit court erred in denying his motion in limine. He argues that the sworn affidavit he executed, wherein he asked to "take all charges" and that his female companion be relieved of the charges, should be excluded under Arkansas Rules of Evidence 410, 403, and 801 (2015). We review denials of motions in limine for an abuse of discretion. *Rollins v. State*, 362 Ark. 279, 208 S.W.3d 215 (2005).

Arkansas Rule of Evidence 410 provides that an offer to plead guilty, later withdrawn, is not admissible against the person making the plea or offer. Ark. R. Evid. 410. The circuit court concluded that the sworn statement was not an offer to plead guilty but rather an attempt to absolve his companion of any charges against her. We agree. While asking to "take all charges," Lane did not offer to plead guilty to the charges against him. Rather, he requested that he, not his companion, be charged with the crimes charged against them both.

Furthermore, Lane failed to obtain a ruling from the circuit court that the affidavit was inadmissible pursuant to Arkansas Rule of Evidence 403; therefore, the issue is not preserved for appellate review. *Eastin v. State*, 370 Ark. 10, 257 S.W.3d 58 (2007). Additionally, Lane did not argue to the circuit court that the affidavit was inadmissible hearsay under Rule 801. Therefore, we will not consider either of these arguments on

appeal. *See, e.g., Dickey v. State*, 2016 Ark. 66, 483 S.W.3d 287 ("[w]e will not consider an argument raised for the first time on appeal").

For the foregoing reasons, we affirm the circuit court's denial of the motion to suppress and the motion in limine.

Affirmed.

KEMP, C.J., and BAKER and WOMACK, JJ., concur.

**SHAWN A. WOMACK, Justice, concurring.** I concur with the majority opinion to the extent that it affirms the trial court's denial of Lane's motion to suppress and motion in limine. I write separately to express my opinion that Lane's status as a parolee obviated the constitutional knock-and-announce requirement.

The United States Supreme Court has held that the requirement of authorities to knock and announce their presence "forms a part of the Fourth Amendment reasonableness inquiry." *Wilson v. Arkansas*, 514 U.S. 927, 930 (1995). In reaching this conclusion, the Court pointed to a long history of the requirement at common law. *Id.* at 931–36. As it is only one component of a reasonableness standard, the Court has identified several circumstances in which the requirement is waived. This nonexhaustive list includes instances where the officer has a reasonable fear that evidence would be destroyed given advance notice, when a search is conducted following the pursuit of a fleeing prisoner, and when the searching officers face the threat of imminent physical violence. *Id.* at 936. Police are only required to demonstrate a reasonable suspicion that one of these safe harbors is operative, and "[t]his showing is not high." *Hudson v. Michigan*, 547 U.S. 586, 590 (2006).

SLIP OPINION

Both this court and the United States Supreme Court, however, have held that parolees and probationers enjoy a sharply diminished degree of Fourth Amendment protection as a consequence of their status. Supervision of individuals in these categories is a "'special need' of the state, permitting a degree of impingement upon privacy that would not be constitutional if applied to the public at large." *Cherry v. State*, 302 Ark. 462, 467, 791 S.W.2d 354, 356 (1990) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 875 (1987)). Further, a parolee has "a diminished expectation of privacy" because he or she is legally "still in custody of the penal institution" from which he or she was released. *Id.* at 467, 791 S.W.2d at 357. This is stated plainly in our statutes, which identify parolees as "inmates." *See* Ark. Code Ann. § 16-93-701(b)(3) (Supp. 2015).

Because of parolees' limited rights, courts have upheld searches conducted pursuant to relatively invasive terms of parole. The Supreme Court held, for instance, that suspicionless searches of a parolee's person did not violate the Fourth Amendment's search and seizure protections. *Samson v. California*, 547 U.S. 843, 857 (2006). In *Samson*, the Court held that the California law setting out terms of parole authorizing searches at any time, with or without probable cause, was constitutionally permissible. *Id.* at 848. This court has also upheld warrantless searches of parolees due to their diminished privacy rights. *Cherry*, 302 Ark. at 467, 791 S.W.2d at 357. Once we determine that consent to the terms of parole is valid, we ask only if there were "reasonable grounds to investigate whether the appellant had violated the terms of his parole" and whether the search was conducted by a parole officer. *Id.* at 468, 791 S.W.2d at 357.

As the majority notes, it is an issue of first impression for this court whether parolees are entitled to a knock-and-announce warning prior to a search executed pursuant to their terms of parole. I would hold that parolees' status as legal inmates under Arkansas law relieves parole officers of the obligation to knock and announce their presence prior to a search of a parolee who has consented as a term of parole. As the Sixth Circuit has explained, it is useful to think of a continuum of privacy under the Fourth Amendment. At one end, free citizens enjoy maximum protection; at the other, incarcerated individuals enjoy very little. *See United States v. Smith*, 526 F.3d 306, 308–09 (6th Cir. 2008). The Supreme Court held in *Hudson v. Palmer*, 468 U.S. 517 (1984), for example, that inmates have *no* reasonable expectation of privacy in their cells. *Id.* at 525–26.

It is not necessary to hold that parolees are identical to incarcerated inmates in all respects relevant to the United States and Arkansas Constitutions to conclude that a parolee's consent to search authorizes not only warrantless search, but also search without a knock-and-announce warning. Since Lane does not dispute that he signed the "Conditions of Release" document voluntarily, and because Nading acted on reasonable grounds that Lane was violating the terms of his parole, I would find no defect in Nading's search without a knock-and-announce warning.

The majority concludes that the knock-and-announce requirement does apply to searches of parolees, citing a number of cases in which a variety of courts have rejected "blanket exclusions" to the knock-and-announce requirement. The only United States Supreme Court case cited for this proposition—*Richards v. Wisconsin*, 520 U.S. 385 (1997)— rejected a state exception to the requirement in felony drug cases; most of the other federal

circuit and district cases cited discuss similar exceptions to the requirement in searches related to substantive areas of law. The Seventh Circuit's decision in *Green v. Butler*, 420 F.3d 689 (7th Cir. 2005), reaches a conclusion in line with the majority's on parolees, but it is, of course, only persuasive authority for this court's constitutional interpretation. I am persuaded that the Supreme Court's holding in *Richards* is not controlling here, where our question is about the constitutional protections enjoyed by parolees. As explained above, Arkansas law makes clear that parolees are legal inmates, a category with minimal Fourth Amendment protection.

For the reasons set out above, I would also affirm the trial court's decision to dismiss both of Lane's motions. Because I do not believe the knock–and–announce requirement applies to parolees, however, I would not engage in the majority's analysis of the exclusionary rule's application.

KEMP, C.J., and BAKER, J., join.

*David L. Dunagin*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.